■ DOLORES F. FELDMAN, Respondent, v MARTIN FELDMAN, Appellant.— In a matrimonial action, defendant appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Nassau County, dated January 27, 1977, as, after a nonjury trial, (1) denied his counterclaim for a divorce, (2) granted alimony to plaintiff, (3) awarded a counsel fee, (4) made custody and visitation provisions with regard to his 16-year-old son, (5) directed him to make certain payments with regard to the maintenance of the marital home until its mandated sale and (6) directed him to make certain child support payments. Judgment modified, on the law and the facts, by deleting therefrom those provisions which fix the amounts of alimony and child support, counsel fees and custody and visitation rights. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and action remanded to Special Term for a prompt hearing and new determination with respect to alimony, child support, counsel fees, custody and visitation. Pending the holding of such hearing and the making of a new determination, defendant-appellant is directed to comply with the alimony, child support custody and visitation provisions contained in the judgment under review. Although appellant does not challenge the award of a divorce to plaintiff-respondent on the basis of cruel and inhuman treat-

ment, he argues that he also was entitled to a divorce on the same ground, pursuant to subdivision (1) of section 170 of the Domestic Relations Law. A review of the record on appeal indicates that the decision of the trial court was proper. Appellant did not convince the trial court of the validity of his counterclaim by his testimony concerning abusive conduct by respondent (alleged physical attacks and false accusations of adultery), which was explicitly controverted by her at the trial; the trial court was, therefore, fully justified in awarding a divorce solely to respondent and in granting her alimony (see *Hessen v Hessen,* 33 NY2d 406). Appellant is correct, however, that the trial court misunderstood the meaning of certain tax shelter deductions listed on his Federal income tax returns for 1972, 1973 and 1974. Because the trial court thought that the actual income earned by appellant during those years was much greater than it actually was (a "paper loss" used to shelter or exempt from taxation earned income from appellant's dental practice was treated by the court as though it had been additional cash income actually received), and because the award of alimony and child support payments are very large, the question of alimony and support payments must be re-examined and redetermined by the trial court. Appellant is also correct in arguing that he should not be obligated to pay the entire cost of respondent's counsel fees since a substantial part of this litigation pertained to nonmatrimonial causes of action (appellant's counterclaims concerning certain joint bank accounts, etc., upon four of which counterclaims he was successful), and this matter should also be re-examined by the trial court and a proper apportionment made (see *Lambert v Lambert,* 45 AD2d 715). Appellant is also correct when he argues that a hearing should have been held, and that his 16-year-old son should have been consulted, before the determination of custody and visitation rights was made (see *Kresnicka v Kresnicka,* 48 AD2d 929). The other contentions raised on this appeal have been considered and found to be without merit. Hopkins, J. P., Shapiro, Mollen and O'Connor, JJ., concur.