■ In the Matter of MARGARETA ACEVEDO, Appellant, v JULIO ACEVEDO, Respondent. [606 NYS2d 307] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Palmer, J.), dated September 19, 1991, which, after a hearing, awarded custody of the parties' children to the father.

Ordered that the order is reversed, on the facts and as a matter of discretion, without costs or disbursements, the petition is granted, custody of the children of the parties is awarded to the mother wherever she now resides, and the matter is remitted to the Family Court, Kings County, for further proceedings to determine a schedule of visitation for the father.

The weight of the evidence establishes that the father physically abused the mother. As a result of this physical abuse, the mother fled to Massachusetts and petitioned the courts of that State for an order of protection, which was granted. The mother later fled to Florida with the children and entered a shelter for battered women.

The father acknowledged that he had struck the mother on one occasion, but claimed that this incident, in connection with which he was later arrested, was an isolated one. He also admitted that he had pushed the mother on several occasions. He attempted to minimize the injuries suffered by the mother, asserting, "You touch a woman, they [sic] bruise". He also sought to minimize his own responsibility for these injuries,

stating, for example, that he had only "pushed her with one hand most of the time [not] to throw her out the window or off the roof or anything".

The foregoing testimony is consistent with the weight of the evidence which, in our view, reveals that the father possesses a character which is manifestly ill-suited to the difficult task of providing young children with moral and intellectual guidance. We find, in other words, that the mother is significantly more fit to serve as the custodial parent. The law guardian recommends, and we agree, that the best interests of the children demand that the mother be awarded custody *(see, e.g., Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Ellen K. v John K.,* 186 AD2d 656).

We note that there has been much discussion of late with respect to the interaction between the best interests of the child test noted above and the exceptional circumstances test which is traditionally applied in cases in which a change of custody necessarily entails the removal of children to a distant locale *(e.g., Matter of Radford v Propper,* 190 AD2d 93; *Elkus v Elkus,* 182 AD2d 45; *Hemphill v Hemphill,* 169 AD2d 29). There can be no doubt that, given the particular facts of this case, even the strictest application of the exceptional circumstances test would compel the conclusion that the mother is entitled to custody.

The order is therefore reversed; custody is awarded to the mother, and the matter is remitted for further proceedings on the issue of visitation. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.