■ COLEEN RUPP-ELMASRI, Respondent, v MOHAMED ELMASRI, Appellant. [760 NYS2d 186] —In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Farneti, J.), entered August 22, 2000, which granted the plaintiff a divorce on the ground of cruel and inhuman treatment and awarded sole custody of the parties' two infant children to the plaintiff subject to the defendant's rights to visitation.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the plaintiff demonstrated through her own testimony, which was corroborated by the testimony of four other witnesses, that the defendant's behavior so adversely affected her mental well-being that it became improper to cohabit with him (*see Pollack v Pollack,* 290 AD2d 547 [2002]; *French v French,* 262 AD2d 280 [1999]; *Meltzer v Meltzer,* 255 AD2d 497 [1998]). Accordingly, the Supreme Court properly granted the plaintiff a divorce on the ground of cruel and inhuman treatment.

In a child custody determination, a court must decide "what is for the best interest of the child, and what will best promote its welfare and happiness" (Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Miller v Pipia,* 297 AD2d 362, 364 [2002]). Factors to be considered include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and effect an award of custody to one parent might have on the child's relationship with the other parent" (*Miller*

*v Pipia, supra* at 364). The "existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (*Eschbach v Eschbach, supra* at 174; *Miller v Pipia, supra* at 364; *see Young v Young,* 212 AD2d 114 [1995]). The Supreme Court's determination must be "accorded great deference on appeal, since [the Supreme Court] had the opportunity to assess the witnesses' demeanor and credibility" (*Miller v Pipia, supra* at 364; *see Eschbach v Eschbach, supra* at 173). Only where the determination "lacks a sound and substantial basis" should it be disturbed (*Miller v Pipia, supra* at 364 [internal quotation marks omitted]; *Eschbach v Eschbach, supra*).

The Supreme Court found that the defendant had physically mistreated and verbally abused the children. Verbal denigration of the plaintiff and the parties' older daughter, along with the defendant's failure to assume any responsibility for his older daughter's difficulties, called into question the defendant's fitness as a custodial parent for the two female children. Furthermore, the well-reasoned opinions of both the forensic psychologist and Law Guardian concluded with recommendations that the mother be awarded custody. The Supreme Court also conducted in camera interviews with the children. Accordingly, as there is a sound and substantial basis for the Supreme Court's determination, it will not be disturbed.

The defendant's remaining contentions are without merit. Santucci, J.P., Luciano, Townes and Rivera, JJ., concur.