■ In the Matter of MARSHA W. PLAZA, Appellant, v ALBERT PLAZA, Respondent. [759 NYS2d 368] —In a child custody proceeding pursuant to Family Court Act article 6 and related proceedings, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Rockland County (Garvey, J.), entered February 21, 2002, which, inter alia, after a hearing, awarded custody of the parties' child to the father and directed her to undergo therapy.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In adjudicating custody issues, the most important factor for the court to consider is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]), which requires an evaluation of the "totality of the circumstances" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]). Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946 [1985]; *Matter of Coakley v Goins,* 240 AD2d 573 [1997]; *Matter of Coyne v Coyne,* 150 AD2d 573 [1989]; *Skolnick v Skolnick,* 142 AD2d 570 [1988]).

The Family Court's award of custody to the father has a sound and substantial basis in the record. The record demonstrates that the children have been doing well in the care of the father since he obtained temporary custody in January 2001, and the Law Guardian as well as the court-appointed forensic expert recommended that the father retain custody (*see Matter of Coakley v Goins, supra*). The mother has defied the legal process by violating prior court orders (*see Matter of Robert T.F. v Rosemary F.,* 148 AD2d 449 [1989]; *Daghir v Daghir,* 82 AD2d 191, 194 [1981], *affd* 56 NY2d 938 [1982]), and isolated the children from their father when they were in her custody. The record further demonstrates that the father is the parent who is more likely to assure meaningful contact between the children and the noncustodial parent (*see Raybin v Raybin,* 205 AD2d 918, 921 [1994]; *O'Connor v O'Connor,* 146 AD2d 909, 910 [1989]; *Lohmiller v Lohmiller,* 140 AD2d 497, 498 [1988]).

Under these circumstances, we decline to disturb the Family Court's custody award.

The mother's remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.