■ In the Matter of IRENEUSZ KOCOWICZ, Appellant, v ZOFIA KOCOWICZ, Respondent. [760 NYS2d 334] —In a proceeding pursuant to Family Court Act article 6 for permission to have contact with his son, the father appeals from an order of the Family Court, Queens County (Rood, R.), dated July 22, 2002, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.

The petitioner father has been incarcerated since 1995, and was prohibited by a protective order issued in 1998 from initiating any contact with his son. His petition seeking permission to have contact with his son was dismissed by the Family Court, which found that it was not in the child's best interest to have any contact with the father. We agree with the father that the failure of the Family Court to ascertain and take into account the son's wishes require reinstatement of his petition and a new hearing (*see Koppenhoefer v Koppenhoefer,* 159 AD2d 113 [1990]; *Feldman v Feldman,* 58 AD2d 882 [1977]).

This Court has held that the preference of a 15-year-old child is entitled to great weight in determining matters of custody and visitation (*see Koppenhoefer v Koppenhoefer, supra; Bergson v Bergson,* 68 AD2d 931, 932 [1979]). Here, the preference of the 15-year-old son was never ascertained. Therefore, the

Family Court lacked a sufficient basis on which to form an opinion as to what disposition was in the son's best interests (*see Matter of Machado v Del Villar,* 299 AD2d 361 [2002]). Accordingly, the order must be reversed, the petition reinstated, and the matter remitted to the Family Court, Queens County, for a hearing at which the son's wishes may be ascertained and taken into account. The Family Court, or the Law Guardian, must have direct contact with the son in order to ascertain those wishes.

The father's contention that he was denied legal representation is without merit, as it is clear from the record that he was informed of his right to an attorney and chose to waive it. Santucci, J.P., Goldstein, H. Miller and Schmidt, JJ., concur.