■ In the Matter of Helen Grossman, Respondent, v Fred Grossman, Appellant. [772 NYS2d 559]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6 and family offense proceedings pursuant to Family Court Act article 8, the father appeals from (1) an order of the Family Court, Kings County (Weinstein, J.), dated February 6, 2003, which, after a hearing, awarded custody of the parties' two children to the mother and terminated his visitation rights, and (2) an order of the same court, also dated February 6, 2003, which granted the mother an order of protection directing him, inter alia, to stay away from her and the children for a period of three years.

Ordered that the orders are affirmed, without costs or disbursements.

The parties stipulated in their 1999 divorce action that they would have joint custody of their two children and that the father would have physical custody. After disputes arose regarding the mother's visitation rights, both parties commenced proceedings in the Family Court for sole custody, and the mother was awarded temporary custody of the children while the proceedings were pending. Following a lengthy hearing, the Family Court awarded permanent custody to the mother, denied the father visitation rights, and directed him to stay away from the mother and children for a period of three years.

Although the parties' initial voluntary agreement is one factor to be considered in determining custody, the standard to be applied is the best interests of the children based on the totality of the circumstances (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). "Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses

and upon the character, temperament and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Plaza v Plaza,* 305 AD2d 607 [2003]).

We find no basis to disturb the Family Court's determination that it was in the children's best interests to award permanent custody to the mother. The determination was supported by substantial evidence in the record, which included the testimony of a court-appointed psychologist and of the social worker who supervised visitation between the father and the children. Furthermore, the custody determination was consistent with the Law Guardian's recommendation.

Similarly, we find no basis to disturb the Family Court's determination that the denial of visitation with the father was in the children's best interests. "A noncustodial parent is entitled to meaningful visitation, and denial of that right is so drastic that it must be based on substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Morash v Minucci,* 299 AD2d 486, 486-487 [2002]; *see also Matter of MacEwen v MacEwen,* 214 AD2d 572 [1995]).

Based in part on the testimony and reports of the court-appointed psychologist, the Family Court credited statements by the children that certain acts of sexual abuse by the father occurred while they were in his physical custody. In addition, the Family Court concluded, based on the father's conduct during the litigation and during his supervised visitation with the children, that he would use supervised visitation as a means to continue a pattern of threats, intimidation, and false claims of abuse, which would subject the children to endless investigations. The Family Court's assessment of the detrimental impact of visitation with the father on the emotional health of the children has a sound and substantial basis in the record (*see Matter of Samia Z.,* 297 AD2d 385 [2002]; *Matter of Licitra v Licitra,* 255 AD2d 384 [1998]; *Matter of MacEwen v MacEwen, supra*). Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.