■ In the Matter of EVELYN CARABALLO, Respondent, v SAMUEL COLON, Appellant. [780 NYS2d 182]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Cohen-Gallet, R.), dated April 11, 2002, which, after a hearing, denied the petition, granted sole custody of the child to the mother, and declined to determine his application for visitation.

Ordered that the appeal from so much of the order as declined to determine the father's application for visitation is dismissed, without costs or disbursements, as that application remains pending and undecided; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The father's contention that the court should have recused itself is unpreserved for appellate review (*see Matter of Karina*

*U.,* 299 AD2d 772 [2002]) and, in any event, is without merit (*see Matter of Malinda V.,* 221 AD2d 549 [1995]).

In determining the best interests of the child, the factors to be considered are "the ability to provide for the child's emotional and intellectual development, the quality of the home environment and the parental guidance provided" (*Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946, 947 [1985]; *see Eschbach v Eschbach,* 56 NY2d 167 [1982]). The court had the opportunity to assess the parties' demeanor and credibility, and concluded, based in part on the father's behavior in the courtroom, that sole custody should be awarded to the mother. The court's determination has a sound and substantial basis in the record and should not be disturbed (*see Eschbach v Eschbach, supra; Rupp-Elmasri v Elmasri,* 305 AD2d 393 [2003]).

The Family Court declined to consider the father's application for visitation until a pending family offense proceeding, brought against him by the mother, was resolved. As the order appealed from did not either grant or deny the father's request for visitation, and the record does not indicate that any decision on the issue of visitation was made, that issue remains pending and undecided (*see Matter of Chambers v Bruce,* 292 AD2d 525 [2002]; *Katz v Katz,* 68 AD2d 536 [1979]). The appeal from so much of the order as declined to determine the father's application for visitation until after resolution of the family offense proceeding therefore must be dismissed (*see Katz v Katz, supra*). Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.