In the Matter of FRANK A. MONZON, Appellant, v LORI ZAIKOWSKI, Respondent. [800 NYS2d 433]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Snellenburg, S.M.), entered November 10, 2003, which, after a hearing, denied the petition for a change of custody and granted the mother's oral application to amend the parties' judgment of divorce to award the mother sole custody of the parties' child.

Ordered that on the court's own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order as granted the mother's oral application to amend the judgment of divorce is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by deleting the provision thereof granting the oral application to amend the judgment of divorce and substituting therefor a provision denying the oral application; as so modified, the order is affirmed, without costs or disbursements.

A change in custody should be made only if the totality of the circumstances warrants a change in the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364 [1992]; *see also Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). Along with

the factors considered in any custody determination, the court must also consider the stability and continuity afforded by maintaining the present arrangement (*see Eschbach v Eschbach, supra* at 171; *Friederwitzer v Friederwitzer, supra* at 94; *Matter of Krebsbach v Gallagher, supra*). Stability can be maintained where, as here, priority is given to the parent who was first awarded custody by voluntary agreement (*see Matter of Coyne v Coyne,* 150 AD2d 573, 575 [1989]). Here, the evidence adduced at trial supports the conclusion that the best interests of the child will be advanced by leaving residential and physical custody with the mother.

The mother made an oral application during the hearing to amend the judgment of divorce entered in the Supreme Court, Suffolk County, on January 13, 1995, on the ground that the judgment did not conform the findings of fact and conclusions of law. The Family Court did not have jurisdiction to correct the judgment (*see* Family Ct Act § 652 [b] [ii]). Any motion to correct the judgment on the ground that it did not conform to its corresponding Findings of Fact and Conclusions of Law would have to be made in the Supreme Court (*see* CPLR 2221).

The parties' remaining contentions are without merit. Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.