■ In the Matter of ANTHONY GUS MATTHEW PEREZ, Appellant, v EVA MARIE MONTANEZ, Respondent. In the Matter of EVA MARIE MONTANEZ, Respondent, v ANTHONY GUS MATTHEW PEREZ, Appellant. [817 NYS2d 677]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Chun, J.), dated May 16, 2005, which, after a hearing, awarded sole physical and legal custody of the subject children to the mother.

Ordered that the order is affirmed, with costs to the respondent payable by the appellant.

The parties have two children, a 16-year-old daughter, and a 13-year-old son, the subjects of this proceeding. While they were never married, the parties lived together for approximately 14 years, until sometime in 1999, when the father left the mother and the children. In September 2001 the father filed a petition in Family Court, Kings County, seeking custody of the parties' daughter, while in November 2001 the mother filed petitions seeking custody of both children. The father thereafter filed a petition seeking custody of the parties' son. There was no prior formal agreement as to custody, nor any prior court order in that regard.

In making a determination as to custody, the standard ultimately to be applied "is the best interests of the children, based on the totality of the circumstances (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89 [1982]). 'Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament and sincerity of the parents, its determination should not be

disturbed unless it lacks a sound and substantial basis in the record' (*Matter of Plaza v Plaza,* 305 AD2d 607 [2003])" (*Matter of Grossman v Grossman,* 5 AD3d 486, 486-487 [2004]; *see Cuccurullo v Cuccurullo,* 21 AD3d 983 [2005]; *Matter of Monzon v Zaikowski,* 21 AD3d 375 [2005]).

We find no basis to disturb the award of physical and legal custody to the mother. That determination was supported by substantial evidence in the record, including the recommendations of the children's Law Guardian and the two evaluations of the court-appointed psychologist. In contrast, the father's testimony as to the alleged neglect of the children by the mother, the reason he was purportedly seeking to obtain custody of the children was, at best, not compelling.

There was substantial proof in the record as to the best interests of the children. Furthermore, during the course of the hearing, the Family Court was clearly made aware of the children's preferences as to whom they wanted to live with. Under these circumstances, the Family Court providently exercised it discretion in denying the father's request that it conduct in-camera interviews with the children before making its determination as to custody (*see generally Matter of Picot v Barrett,* 8 AD3d 288 [2004]; *Matter of Farnham v Farnham,* 252 AD2d 675 [1998]; *cf. Matter of Kocowicz v Kocowicz,* 306 AD2d 285 [2003]; *Koppenhoefer v Koppenhoefer,* 159 AD2d 113 [1990]; *Feldman v Feldman,* 58 AD2d 882 [1977]). Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.