■ In the Matter of SHAWN ADAMS, Respondent, v JOYCE WOLF PERRYMAN, Appellant. [826 NYS2d 442]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Duffy, J.), entered June 10, 2005, which, after a hearing, denied her petition seeking modification of custody and alleging violations of a prior order establishing joint custody and visitation and granted the father's petition seeking modification of custody and alleging violations of his scheduled access to the child, awarding sole legal and physical custody to the father with liberal unsupervised visitation to her.

Ordered that the order is affirmed, with costs.

In determining whether a custody agreement should be modified, "the standard to be applied is the best interests of the children based on the totality of the circumstances" (*Matter of Grossman v Grossman*, 5 AD3d 486, 486 [2004]; *see Matter of Perez v Montanez*, 31 AD3d 565 [2006], citing *Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]). "One of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the other parent" (*Matter of Raybin v Raybin*, 205 AD2d 918, 921 [1994]; *see Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]; *Young v Young*, 212 AD2d 114, 122-123 [1995]). Because the Family Court's determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Perez v Montanez, supra* at 565-566; *Cuccurullo v Cuccurullo, supra; Matter of Grossman v Grossman*, 5 AD3d 486, 487 [2004]; *Matter of Plaza v Plaza*, 305 AD2d 607 [2003]).

Here, while the evidence in the record supported the court's conclusion that both parties generally demonstrated relatively equal fitness as parents, it also supported the conclusion that the mother repeatedly attempted to frustrate the father's efforts to have meaningful visitation with the child pursuant to their joint custody agreement. Because the Family Court's determination that the mother attempted to thwart the father's relationship with the child was supported by a sound and substantial basis in the record, its finding that it was in the best interests of the child to award sole legal and physical custody to the father with liberal unsupervised visitation to the mother should not be disturbed.

The mother's remaining contentions are without merit. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.