■ In the Matter of ANNE VERRET, Appellant, v GARY VERRET, Respondent. [829 NYS2d 216]—

In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Silber, J.), dated September 21, 2005, which, after a hearing, inter alia, denied her petition and granted the father's cross petition for custody of the parties' children.

Ordered that the order is affirmed, without costs or disbursements.

The parties, who were married and still living in the same apartment at the time of the hearing, have two daughters, Kristine, born in September 1993, and Natalie, born in June 1997. Natalie has been diagnosed as mentally retarded and autistic. She is hyperactive and must be watched at all times to prevent her from injuring herself. The mother and the father respectively petitioned and cross-petitioned for custody of the children.

In a child custody proceeding, "the first and paramount concern of the court is and must be the welfare and the interests

of the child" (*Obey v Degling*, 37 NY2d 768, 769 [1975]; *see* Domestic Relations Law § 70; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Plaza v Plaza*, 305 AD2d 607, 607 [2003]; *Rupp-Elmasri v Elmasri*, 305 AD2d 393, 393 [2003]). "[F]actors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Miller v Pipia*, 297 AD2d 362, 364 [2002]; *see Rupp-Elmasri v Elmasri, supra* at 393-394).

"Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Plaza v Plaza, supra* at 607; *see Matter of Perez v Montanez*, 31 AD3d 565, 565-566 [2006]; *Matter of Tavarez v Musse*, 31 AD3d 458 [2006]).

The father's testimony was consistent with the testimony of the court-appointed forensic evaluator in a number of ways. They testified that the mother had a seizure condition which was not being treated and that she had been in the hospital on several occasions for injuries sustained in falls caused by seizures. They testified that the mother had refused to allow Natalie to undergo a sleep study, as recommended by Natalie's school staff, until legal custody was temporarily awarded to the father during the proceedings. They also testified that the mother had refused to administer the medication prescribed for Natalie, believed that the father and his family were responsible, through the use of voodoo, for her and Natalie's medical problems, and would not allow Kristine to socialize with friends and family. They further testified that the mother communicated to Kristine her negative opinions about the father. For the most part, the mother acknowledged these facts in her testimony.

The father also testified, and the court found him credible, that he followed the doctors' instructions regarding Natalie, was concerned and informed about his daughters' progress in school and Kristine's social development, and demonstrated his ability to provide for them both financially and emotionally. There is no basis in the record for second-guessing the court's

determination regarding the credibility of the parties. Moreover, the court's conclusions are supported by the record, including the opinion of the court-appointed forensic evaluator and the position of the law guardian (*see Matter of Tavarez v Musse, supra*; *Matter of Galanos v Galanos*, 28 AD3d 554, 555 [2006], *lv denied* 7 NY3d 711 [2006]; *Bains v Bains*, 308 AD2d 557, 558 [2003]), which are entitled to some weight (*see Matter of Kozlowski v Mangialino*, 36 AD3d 916 [2007]).

As the Family Court's determination had a sound and substantial basis in the record, and was in the best interests of the children, we decline to disturb it (*see Matter of Perez v Montanez, supra* at 566; *Matter of Tavarez v Musse, supra*; *Matter of Plaza v Plaza, supra*). Schmidt, J.P., Crane, Skelos and Fisher, JJ., concur.