In an action for a divorce and ancillary relief, the mother appeals, as limited by her notices of appeal and brief, (1) from so much of an order of the Supreme Court, Queens County (Fitzmaurice, J.), dated September 10, 2007, as denied that branch of her motion which was for midweek visitation with the parties’ infant son, (2) from so much of a judgment of divorce of the same court entered September 28, 2007 as awarded sole custody of the parties’ infant son to the father and failed to award her midweek visitation with the parties’ infant son, and (3) from so much of an order of the same court (Dorsa, J.) dated March 17, 2008 as granted that branch of her motion which was for midweek visitation with the parties’ infant son only to the extent of granting her visitation with the parties’ infant son every Wednesday from 5:00 p.m. to 7:30 p.m., and denied that branch of her motion which was for overnight midweek visitation with the parties’ infant son.
Ordered that the appeal from so much of the order dated September 10, 2007 as denied that branch of the mother’s motion which was for midweek visitation with the parties’ infant son is dismissed; and it is further,
Ordered that the appeal from so much of the judgment entered September 28, 2007 as failed to award the mother midweek visitation with the parties’ infant son is dismissed as academic, in light of so much of the order dated March 17, 2008 as granted that branch of the mother’s motion which was for *638 midweek visitation with the parties’ infant son to the extent of granting her visitation with the parties’ infant son every Wednesday from 5:00 p.m. to 7:30 p.m.; and it is further,
Ordered that the judgment is affirmed insofar as reviewed; and it is further,
Ordered that the order dated March 17, 2008 is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the father.
The appeal from so much of the order dated September 10, 2007 as denied that branch of the mother’s motion which was for midweek visitation with the parties’ infant son must be dismissed, as the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated September 10, 2007 are brought up for review and have been considered on the appeal from the order dated March 17, 2008.
The essential consideration in making an award of custody is the best interests of the child (see Friederwitzer v Friederwitzer, 55 NY2d 89 [1982]; Matter of McIver-Heyward v Heyward, 25 AD3d 556 [2006]. “Factors to be considered include ‘the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child’s emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child’s relationship with the other parent’ ” (Kaplan v Kaplan, 21 AD3d 993, 994-995 [2005], quoting Miller v Pipia, 297 AD2d 362, 364 [2002]). The “existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances” (Eschbach v Eschbach, 56 NY2d 167, 174 [1982]; see Rupp-Elmasri v Elmasri, 305 AD2d 393 [2003]; Miller v Pipia, 297 AD2d 362, 364 [2002]). Here, the court properly considered the relative stability and environment of both parties in making its custody determination.
“Visitation is a joint right of the noncustodial parent and the child. The best interests of the child lie in his being nurtured and guided by both natural parents. In order for the noncustodial parent to develop a meaningful, nurturing relationship with her child, visitation must be frequent and regular. Absent extraordinary circumstances, where visitation would be detrimental to the child’s well-being, a noncustodial parent has a right to reasonable visitation privileges” (Twersky v Twersky, *639 103 AD2d 775, 775-776 [1984]) (internal quotations marks and citations omitted). Here, despite her contentions to the contrary, the mother has not been deprived of meaningful visitation with the parties’ infant son. Although the mother did not receive the full extent of the midweek visitation she sought, where, as here, the mother also has visitation every other weekend, half of all holidays, and two weeks in the summer, it cannot be said that she has been deprived of meaningful visitation with the subject child.
The mother’s remaining contentions are without merit. Santucci, J.E, Covello, Leventhal and Belen, JJ., concur.