**21** In the Matter of ERICA L. VENTURA, Respondent, v JARMEL S. HUGGINS, Appellant. (Proceeding No. 1.) In the Matter of JARMEL S. HUGGINS, Appellant, v ERICA L. VENTURA, Respondent. (Proceeding No. 2.) [34 NYS3d 599]—

Appeal from an order of the Family Court, Nassau County (Robert Lopresti, Ct. Atty. Ref.), dated June 26, 2015. The order, after a hearing, granted the mother's petition for permission to relocate to the State of Georgia with the parties' child and denied the father's petition to modify a prior custody order of that court dated January 25, 2012, so as to award him sole custody of the subject child.

Ordered that the order dated June 26, 2015, is affirmed, without costs or disbursements.

The parties, who are not married, had the subject child in 2010 while they were living together. They later separated, and the Family Court issued a custody order dated January 25, 2012, upon the parties' consent, awarding them joint legal custody of the child, with physical custody to the mother. The custody order provided the father with parenting time and visitation every weekday and most weekends.

In April 2013, the mother filed a petition for permission to relocate to the State of Georgia with the child. In June 2013, the father filed his own petition to modify the prior custody order so as to award him sole custody of the child. The Family Court held a hearing on both petitions and, thereafter, granted the mother's petition and denied the father's petition. The father appeals.

"A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (*Matter of Caruso v Cruz*, 114 AD3d 769, 771 [2014]; *see Bjornson v Bjornson*, 38 AD3d 816, 816-817 [2007]). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740 [1996]). These factors include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation ar-

rangements" (*Matter of Tropea v Tropea*, 87 NY2d at 740-741; *see Matter of Hall v Hall*, 118 AD3d 879 [2014]). "In reviewing the Family Court's determination, we accord considerable deference to the court's assessment of the witnesses' demeanor and credibility" (*Matter of Wood v Rago*, 135 AD3d 949, 950 [2016]; *see Matter of Wright v Stewart*, 131 AD3d 1256 [2015]).

Here, the Family Court's determination that relocation was in the best interests of the child was supported by a sound and substantial basis in the record. The mother's testimony, which the court credited, demonstrated that she wanted to relocate to Georgia with her new husband, who had been stationed there as a member of the military. Additionally, the mother's testimony demonstrated that relocation would enhance the child's life economically, emotionally, and educationally, and that the relationship between the child and the father could be preserved through suitable visitation arrangements (*see Matter of Tropea v Tropea*, 87 NY2d at 740-741; *Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 830 [2013]).

The father's remaining contention is without merit.

Accordingly, the Family Court properly granted the mother's petition for permission to relocate to the State of Georgia with the child, and properly denied the father's petition to modify the prior order of custody so as to award him sole custody of the child. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.