In the Matter of ANDREA L. HALL, Respondent, v MARC S. CLAS, Appellant. [40 NYS3d 557]—

Appeal by the father from an order of the Family Court, Suffolk County (Philip Goglas, J.), dated August 14, 2015. The

order, insofar as appealed from, after a hearing, granted the mother's petition to relocate with the subject child to Florida.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties are the parents of a daughter, born in 2002. They never married and, although they lived together several years, they separated when the child was two or three years old. Since that time, the parties have shared joint custody with primary physical custody to the mother. In 2014, the father's visits with the child became supervised. In February 2015, the mother petitioned the Family Court for permission to relocate with the child to the State of Florida. The attorney for the child supported the mother's petition to relocate. After a hearing, the Family Court, inter alia, granted the mother's petition. The father appeals.

" 'A parent seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests' " (*Matter of Ventura v Huggins*, 141 AD3d 600, 600 [2016], quoting *Matter of Caruso v Cruz*, 114 AD3d 769, 771 [2014]). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740 [1996]). These factors include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*id.* at 740-741; *see Matter of Hall v Hall*, 118 AD3d 879 [2014]). " 'In reviewing the Family Court's determination, we accord considerable deference to the court's assessment of the witnesses' demeanor and credibility' " (*Matter of Ventura v Huggins*, 141 AD3d at 601, quoting *Matter of Wood v Rago*, 135 AD3d 949, 950 [2016]; *see Matter of Karen H. v Maurice G.*, 101 AD3d 1005 [2012]).

The Family Court's determination that relocation was in the best interests of the child was supported by a sound and substantial basis in the record. The mother presented evidence that relocation would enhance the child's life economically, emotionally, and educationally, and that the child's relation-

ship with the father could be preserved through a liberal visitation schedule including, but not limited to, daily Skype communication and extended summer and holiday visits (*see Matter of Tropea v Tropea*, 87 NY2d at 740-741; *Matter of Davis v Ogden*, 109 AD3d 539 [2013]; *Aziz v Aziz*, 8 AD3d 596, 597 [2004]).

The father's remaining contention is without merit.

Accordingly, the Family Court properly granted the mother's petition for permission to relocate with the child to the State of Florida. Chambers, J.P., Dickerson, Duffy and Connolly, JJ., concur.