■ In the Matter of LYLE V. PIKE, Respondent, v ELSA RAMOS SOYARS, Appellant. (Proceeding No. 1.) In the Matter of ELSA RAMOS SOYARS, Appellant, v LYLE V. PIKE, Respondent. (Proceeding No. 2.) [52 NYS3d 227]—Appeal by the mother from an order of the Family Court, Suffolk County (Linda M. Boggio, Ct. Atty. Ref.), dated October 27, 2015. The order, after a hearing, insofar as appealed from, granted those branches of the father's petition which were to modify a prior order of custody dated February 15, 2011, so as to award him sole residential custody of the subject children and to modify the visitation provisions of the order, and denied the mother's petition to modify the prior order of custody so as to award her sole legal and residential custody of the children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties are the parents of two children. Pursuant to an order of custody dated February 15, 2011, the parties shared joint custody of the children. The father petitioned to modify that order so as to award him sole legal and residential custody of the children. He also sought modification of the visitation provisions of the order. The mother filed a petition to modify the prior order so as to award her sole legal and residential custody. The Family Court, after a hearing, issued an order providing for joint legal custody, with sole residential custody to the father, and modified the visitation provisions of the prior order.

In adjudicating custody and visitation rights, the essential consideration is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Since custody determinations depend in large part on the trial court's assessment of the character and credibility of the parties and witnesses, that court's findings are generally accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Guzman v Pizarro*, 102 AD3d 964, 965 [2013] [citations omitted]; *see Matter of McVey v Barnett*, 107 AD3d 808, 809 [2013]).

Here, under the totality of the circumstances, the Family Court's determination that the best interests of the children would be served by an award of sole residential custody to the father has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *see also Matter of Quinones v Quinones*, 139 AD3d 1072 [2016]; *Matter of Monzon v Zaikowski*, 21 AD3d 375 [2005]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.