■ In the Matter of JUSTINE E. WOOD, Respondent, v ANTHONY LOZADA, Appellant. [58 NYS3d 147]—

Appeal by the father from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated February 18, 2016. The order, upon a decision of that court, made after a

hearing, granted the mother's petition for sole custody of the parties' child and, in effect, granted the mother permission to relocate with the child to Colorado. The notice of appeal from the decision is deemed to be a notice of appeal from the order (*see* CPLR 5512 [a]).

Ordered that the order is modified, on the law and in the exercise of discretion, by adding a provision thereto awarding the father visitation with the child; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a determination of the terms of the father's visitation.

The parties are the parents of one child, born in 2014. The mother filed a petition for sole custody of the child and subsequently requested permission to relocate with the child to Colorado. After a hearing, the Family Court granted the mother's petition and permitted her to relocate with the child to Colorado. The father appeals.

When determining custody cases, the primary concern is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]). "The factors to be considered in determining the custody arrangement that is in the child's best interests include 'the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Matter of Islam v Lee*, 115 AD3d 952, 953 [2014], quoting *Matter of Miguel R. v Maria N.*, 104 AD3d 771, 772 [2013]; *see Matter of Francois v Hall*, 73 AD3d 1055, 1055 [2010]; *Kaplan v Kaplan*, 21 AD3d 993, 994-995 [2005]). "The 'existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances' " (*Matter of McLennan v Gordon*, 122 AD3d 742, 742 [2014], quoting *Eschbach v Eschbach*, 56 NY2d at 174).

A party seeking leave to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests (*see Matter of Ventura v Huggins*, 141 AD3d 600 [2016]; *Matter of Caruso v Cruz*, 114 AD3d 769, 771 [2014]; *Matter of Francis-Miller v Miller*, 111 AD3d 632, 635 [2013]). In determining whether a move is in a child's best interests, courts are free to consider and give appropriate weight to all of the factors that

may be relevant to the determination, including, but not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *see Matter of Nolan v Renda*, 149 AD3d 839 [2017]; *Matter of Ventura v Huggins*, 141 AD3d at 601; *Matter of Caruso v Cruz*, 114 AD3d at 772).

Where the Family Court has conducted a complete evidentiary hearing, its credibility finding must be accorded great weight, and its award of custody will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of McLennan v Gordon*, 122 AD3d at 742-743).

Here, the Family Court's determination to award sole custody of the child to the mother has a sound and substantial basis in the record. The evidence at the hearing established that the mother had provided consistent care for the child despite undergoing financial difficulties and receiving little regular financial assistance from the father (*see Matter of Islam v Lee*, 115 AD3d at 953). In addition, by allowing the mother to relocate to Colorado, where she would live with the child's maternal grandmother and have financial and familial support that she does not have in New York, she will be able to provide the child with a stable and nurturing home environment. Accordingly, granting her permission to relocate with the child to Colorado was not an improvident exercise of the court's discretion and will not be disturbed (*see Matter of Ventura v Huggins*, 141 AD3d at 601; *Matter of Acevedo v Acevedo*, 200 AD2d 567, 568 [1994]).

However, the father should be awarded visitation with the child based upon a schedule and terms that are feasible in light of the mother's relocation to Colorado (*see Matter of Hall v Clas*, 144 AD3d 801 [2016]; *Matter of Rivera v Cruz*, 143 AD3d 902 [2016]; *Matter of Eddington v McCabe*, 98 AD3d 613 [2012]). Therefore, we remit the matter to the Family Court, Kings County, for a determination of the terms of the father's visitation. Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.