Sternberg-Kennedy v Kennedy (2018 NY Slip Op 08171)





Sternberg-Kennedy v Kennedy


2018 NY Slip Op 08171


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-10881
 (Index No. 52341/14)

[*1]Jeanette Sternberg-Kennedy, respondent, 
v
Douglas Kennedy, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
Beth E. Goldman, New York, NY (Amanda M. Beltz and Christina Brandt-Young of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Kings County (Esther M. Morgenstern, J.), dated September 15, 2017. The judgment of divorce, inter alia, granted the plaintiff permission to relocate with the parties' children within 30 miles of New York City, and fixed a parental access schedule.
ORDERED that the judgment of divorce is modified, on the law, by deleting the provision thereof granting the plaintiff permission to relocate with the parties' children within 30 miles of New York City, and substituting therefor a provision granting the plaintiff permission to relocate with the parties' children to Highland Park, New Jersey; as so modified, the judgment of divorce is affirmed insofar as appealed from, with costs to the plaintiff.
The parties were married in 2010, and resided in Brooklyn during the marriage. They are the parents of two children. Following an incident of domestic violence, the plaintiff commenced this action for a divorce, seeking custody of the children and permission to relocate to Highland Park, New Jersey, where she would have the assistance of her family in providing childcare. The defendant opposed relocation. After a hearing, the Supreme Court, inter alia, dissolved the parties' marriage, awarded the plaintiff custody of the children, granted the plaintiff permission to relocate with the children within 30 miles of New York City, and fixed a parental access schedule. The defendant appeals.
A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the move would be in the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727; Matter of Ventura v Huggins, 141 AD3d 600; Matter of Caruso v Cruz, 114 AD3d 769, 771). The factors to consider include, but are not limited to, "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the [*2]custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable [parental access] arrangements" (Matter of Tropea v Tropea, 87 NY2d at 740-741; see Lipari v Lipari, 146 AD3d 870, 872; Matter of Ventura v Huggins, 141 AD3d 600). The trial court's credibility determinations are entitled to considerable deference on appeal (see Matter of Ventura v Huggins, 141 AD3d at 601).
Here, the plaintiff demonstrated that moving to Highland Park will enable her to have family support, as well as better educational and economic opportunities for the parties' children. The Supreme Court's determination that the plaintiff should be permitted to move to Highland Park was supported by a sound and substantial basis in the record (see Matter of Tropea v Tropea, 87 NY2d 727; Matter of Ventura v Huggins, 141 AD3d 600). However, the court granted the plaintiff permission to relocate with the children anywhere within 30 miles of New York City, and there is no basis in the record for permitting the plaintiff to move to any location within that distance. Therefore, we modify the judgment of divorce accordingly.
A court's determination as to parental access, which depends to a great extent upon an assessment of the character and credibility of the parties, should be accorded great deference and not set aside unless lacking a sound and substantial basis in the record (see Matter of Diaz v Garcia, 119 AD3d 682, 683; Matter of Felty v Felty, 108 AD3d 705, 707). Contrary to the defendant's contention, there is no basis for modification or clarification of the parental access schedule (see Matter of Rodriguez v Silva, 121 AD3d 794; Matter of Diaz v Garcia, 119 AD3d at 683).
The defendant's remaining contentions are without merit.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.

2017-10881 DECISION & ORDER ON MOTION
Jeanette Sternberg-Kennedy, respondent, v Douglas
Kennedy, appellant.
(Index No. 52341/14)

Motion by the defendant on an appeal from a judgment of divorce of the Supreme Court, Kings County, to strike a stated portion of the brief filed by the attorney for the children on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated May 18, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court