Matter of Gustave v Harris (2019 NY Slip Op 07396)





Matter of Gustave v Harris


2019 NY Slip Op 07396


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2018-12646
 (Docket Nos. V-30902-16/18A, V-30903-16/18A)

[*1]In the Matter of Tiffany Gustave, respondent,
v
Dwayne Harris, appellant.


David Laniado, Cedarhurst, NY, for appellant.
Lauri Gennusa, Jamaica, NY, for respondent.
Janet Neustaetter, Brooklyn, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Danielle M. Rodriguez, Ct. Atty. Ref.), dated October 22, 2018. The order, after a hearing, granted the mother's petition to modify a prior order of custody and parental access to permit her to relocate with the subject children to Alabama.
ORDERED that the order dated October 22, 2018, is affirmed, without costs or disbursements.
The parties were married and are the parents of the subject children. After the parties separated, an order was entered on consent awarding the parties joint legal custody of the children, with physical custody to the mother and liberal parental access to the father. In 2018, the mother petitioned the Family Court to modify the prior order of custody and parental access to permit her to relocate with the children to Alabama. The attorney for the children supported the mother's petition to relocate. After a hearing, the Family Court granted the mother's petition. The father appeals.
A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 741; Matter of Ventura v Huggins, 141 AD3d 600, 600). In determining whether a proposed move is in a child's best interests, courts are "free to consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Tropea v Tropea, 87 NY2d at 740). These factors include each parent's reasons for seeking or opposing the move, the quality of the child's relationship with the custodial parent and the noncustodial parent, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the child and the noncustodial parent through alternate parental access arrangements (see id. at 740-741). " In reviewing the Family Court's determination, we accord considerable deference to the court's assessment of the witnesses' demeanor and credibility'" (Matter of Hall v Clas, 144 AD3d 801, 802, quoting Matter of Ventura v Huggins, 141 AD3d at 601 [internal quotation marks [*2]omitted]).
Here, the Family Court's determination that relocation was in the best interests of the children was supported by a sound and substantial basis in the record. The mother's testimony, which the court credited, demonstrated that relocation would enhance the children's lives economically, emotionally, and educationally, and that the children's relationship with the father could be preserved through a liberal parental access schedule including, but not limited to, frequent communication and extended summer and holiday visits (see Matter of Tropea v Tropea, 87 NY2d at 740-741; Matter of Alicea v Fernandez, 172 AD3d 1365; Matter of Matsen v Matsen, 161 AD3d 1157; Matter of Dockery v Reid-O'Garro, 161 AD3d 1147; Matter of Boyd v Ivory, 160 AD3d 718, 719; Matter of Ali v Abrams, 158 AD3d 674).
Accordingly, we agree with the Family Court's determination to allow the mother to relocate with the children to Alabama.
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court