Matter of Brown v Perez (2019 NY Slip Op 07394)





Matter of Brown v Perez


2019 NY Slip Op 07394


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-01514
 (Docket Nos. V-10851-15, V-10852-15, V-26450-15, V-26451-15)

[*1]In the Matter of Terrell Brown, respondent, 
v
Marilyn Perez, appellant. (Proceeding Nos. 1 and 2)
 In the Matter of Marilyn Perez, appellant,
v
Terrell Brown, respondent. (Proceeding Nos. 3 and 4)


Richard Cardinale, Brooklyn, NY, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, NY, for respondent.
Janet Neustaetter, Brooklyn, NY (Louise Feld of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Robert D. Mulroy, J.), dated January 28, 2019. The order, upon a decision of the same court dated January 15, 2019, made after a hearing, in effect, granted the father's petition for sole legal and residental custody of the parties' children and, in effect, denied the mother's petition for sole legal and residential custody of the children.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, are the parents of two children, who were born in September 2008 and April 2010, respectively. Both parties petitioned for sole legal and residential custody of the children. After a hearing at which the parties and a court-appointed forensic expert testified, the Family Court awarded the father sole legal and residential custody of the children, with parental access to the mother. The mother appeals.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049, citing Eschbach v Eschbach, 56 NY2d 167, 171). "The factors to be considered in determining the custody arrangement that is in the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Wood v Lozada, 152 AD3d 531, 532 [internal citations and quotation marks omitted]). "The court's determination depends to a great extent upon its [*2]assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of
the parents" (Matter of Toro v Williams, 167 AD3d 634, 635 [internal quotation marks omitted]). "The credibility findings of the court are entitled to great weight and should not be disturbed unless they lack a sound and substantial basis in the record" (id. at 635; see Eschbach v Eschbach, 56 NY2d at 173).
Here, the testimony adduced at the hearing established that the mother willfully interfered with the father's relationship with the children by relocating the children to Florida against his wishes (see Matter of Plaza v Plaza, 305 AD2d 607, 607). Further, the mother's conduct resulted in an unstable living situation for the children, whom she abruptly relocated back to New York when a warrant was issued for her arrest in Florida (see Hogan v Hogan, 159 AD3d 679, 681; cf. Matter of Jones v Pagan, 96 AD3d 1058, 1058-1059). The record also reflects that, since returning to New York, the children are doing well in the father's care, and have a stable and appropriate daily routine (see Bourne v Bristow, 66 AD3d 621, 622; Matter of Plaza v Plaza, 305 AD2d at 607). Moreover, the Family Court's determination to award sole legal and residential custody to the father was supported by the recommendations of the court-appointed forensic expert, which, while not determinative, was entitled to some weight (see Matter of Dante v Dante, 170 AD3d 829, 831; Matter of Angelina L.C. [Michael C.—Patricia H.-C.], 110 AD3d 793, 796). Consequently, the court's determination that the children's best interests would be served by awarding sole legal and residential custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Turcios v Cordero, 173 AD3d at 1049; Matter of Toro v Williams, 167 AD3d at 635-636; Hogan v Hogan, 159 AD3d at 681).
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court