Matter of Golban v Zalmanov (2019 NY Slip Op 09263)





Matter of Golban v Zalmanov


2019 NY Slip Op 09263


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-03803
 (Docket Nos. V-12244-16, V-12287-16)

[*1]In the Matter of Tatiana Golban, appellant,
v
Vadim Zalmanov, respondent. (Proceeding No. 1.)
In the Matter of Vadim Zalmanov, respondent,
v
Tatiana Golban, appellant.


Eiges & Orgel PLLC, New York, NY (Scott I. Orgel, Elizabeth C. Garvey, and Courtney E. Dinkins of counsel), for appellant.
Anthony A. Capetola, Williston Park, NY (Michael C. Barrows of counsel), for respondent.
Leslie S. Lowenstein, Woodmere, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated January 31, 2019. The order, after a hearing, granted the father's petition for sole legal and residential custody of the parties' child and denied the mother's petition for sole legal and residential custody of the child.
ORDERED that the order is affirmed, with costs.
The parties, who were never married, are the parents of one child, who was born in 2013. Both parties petitioned for sole legal and residential custody of the child. After a hearing at which the parties and nine other witnesses testified, the Family Court awarded the father sole legal and residential custody of the child, with parental access to the mother. The mother appeals.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049, citing Eschbach v Eschbach, 56 NY2d 167, 171). "The factors to be considered in determining the custody arrangement that is in the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Wood v Lozada, 152 AD3d 531, 532 [internal quotation marks omitted]). " The court's determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents'" (Matter of Toro v Williams, 167 AD3d 634, 635, quoting Matter of Blanco v Corbett, [*2]8 AD3d 374, 374). "The credibility findings of the court are entitled to great weight and should not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Toro v Williams, 167 AD3d at 635, citing Eschbach v Eschbach, 56 NY2d at 173).
Here, the testimony adduced at the hearing established that, over the course of the proceedings, the mother engaged in conduct which tended to interfere with the father's access to the child, and demonstrated a disregard for court orders (see Matter of Plaza v Plaza, 305 AD2d 607, 607). Notwithstanding the mother's allegations that the father was an unfit parent, the record demonstrated that the father provided a safe and appropriate home environment for the child, ensured that the child was well-dressed and well-fed, and encouraged her participation in academic and extracurricular activities (see Bourne v Bristow, 66 AD3d 621, 622). Consequently, the Family Court's determination that the child's best interests would be served by awarding sole legal and residential custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Turcios v Cordero, 173 AD3d at 1049; Matter of Toro v Williams, 167 AD3d at 635-636). Moreover, the court's determination was supported by the recommendation of the court-appointed forensic expert which, while not determinative, is entitled to some weight (see Matter of Dante v Dante, 170 AD3d 829, 831).
The mother's remaining contention is without merit.
Accordingly, we agree with the Family Court's determination to grant the father's petition for sole legal and residential custody of the child.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court