■ JENNIFER A. CASTRO, Appellant, v JOSEPH J. CASTRO, Respondent. [739 NYS2d 593] —In an action for a divorce and ancillary relief, the plaintiff mother appeals from an order of the Supreme Court, Westchester County (Scancarelli, J.), dated

December 22, 2001, which, after a nonjury trial, inter alia, granted the defendant father custody of the parties' children and exclusive occupancy of the marital residence.

Ordered that the order is modified, as a matter of discretion, by deleting the fifth decretal paragraph thereof directing that the plaintiff mother shall have visitation with all three children on Wednesdays from 4:00 P.M. until 7:00 P.M. and on alternate weekends from 5:00 P.M. on Friday until 7:00 P.M. on Sunday, and substituting therefor a provision directing that the plaintiff mother shall have weekly visitation with all three children from 4:00 P.M. on Wednesday until 8:00 A.M. on Thursday and on alternate weekends from 5:00 P.M. on Friday until 8:00 A.M. on Monday; as so modified, the order is affirmed, without costs or disbursements.

It is axiomatic that custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the children (*see* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Barbato v Barbato,* 264 AD2d 792). The analysis of the various factors to be taken into account in deciding a custody question is best made by the trial court, which is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946; *Barbato v Barbato, supra*). The trial court's determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach, supra; Barbato v Barbato, supra*).

Our review of the record supports the trial court's conclusion that both the mother and father are responsible and loving parents, but that the father would offer the children the best opportunity to separate, individuate, and grow into their own persons, without interfering in the maintenance of positive relationships with their mother (*Barbato v Barbato, supra*).

The duration of the mother's visitation, however, should be increased to the extent indicated.

The mother's remaining contentions are without merit. Smith, J.P., Goldstein, McGinity and H. Miller, JJ., concur.