■ In the Matter of DENISE McLAREN, Appellant, v ROBERT HEUTHE, Respondent. (Proceeding No. 1.) In the Matter of DENISE McLAREN, Appellant, v ROBERT HEUTHE, Respondent. (Proceeding No. 2.) In the Matter of ROBERT HEUTHE, Respondent, v DENISE H. McLAREN, Appellant. (Proceeding No. 3.) In the Matter of ROBERT HEUTHE, Respondent, v DENISE H. McLAREN, Appellant. (Proceeding No. 4.) [745 NYS2d 482] —In, inter alia, child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from (1) so much of an order of the Family Court, Orange County (Klein, J.), entered August 15, 2001, as, after a hearing, granted the father's petition for custody of the parties' child, and (2) so much of an order of the same court, also entered August 15, 2001, as granted the father's petition for custody of the parties' child, and established a visitation schedule for the mother.

Ordered that the appeal from the first order is dismissed, without costs or disbursements, as that order was superseded by the second order; and it is further,

Ordered that the second order is modified, as a matter of discretion, by (1) deleting so much of the second decretal paragraph thereof as directs that the mother shall have visitation with the child on alternate weekends from 6:00 P.M. on Friday until 6:00 P.M. on Sunday, and substituting therefor a provision directing that the mother shall have visitation with the child on alternate weekends from 6:00 P.M. on Friday until the commencement of the school day on Monday morning, and (2) deleting so much of the third decretal paragraph thereof as directs that the mother shall have visitation with the child every Tuesday from the close of the school day until the commencement of the school day on Wednesday morning, and substituting therefor a provision directing that the mother shall have visitation with the child every Tuesday from the close of the school day until the commencement of the school day on Thursday morning; as so modified, the second order is affirmed insofar as appealed from, without costs or disbursements.

The paramount concern in determining a child's custody is to reach a disposition which promotes the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171; *Castro v Castro,* 292 AD2d 556, 557). A hearing court's custody determination is entitled to great weight on appeal, and should not be lightly set aside since the hearing court is in the best position to evaluate the testimony, character, and sincerity of the parties (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946, 947; *Eschbach v Eschbach, supra* at 173; *Castro v Castro, supra*). Here, although both parties are concerned and loving parents, the record provides a sound and substantial basis for the Family Court's award of custody to the father (*see Castro v Castro, supra; Matter of Palmer v Palmer,* 235 AD2d 426).

However, since "whenever possible, the best interests of a child lie in his [or her] being nurtured and guided by both of his [or her] parents" (*Daghir v Daghir,* 82 AD2d 191, 193, *affd* 56 NY2d 938; *see Matter of Smith v DiFusco,* 282 AD2d 753), we find it appropriate to expand the visitation schedule established by the Family Court. We note that increased visitation will also promote the child's close and loving relationship with her young half brother. Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.