■ In the Matter of DARNELL WHITLEY, SR., Respondent, v SHIWANA WHITLEY, Appellant. [822 NYS2d 626]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Cooney, J.), entered March 29, 2005, which, after a hearing, granted the father's petition for custody of the subject children, and awarded only biweekly supervised visitation to the mother.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court is in the best position to evaluate the credibility and character of the parties (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Maloney v Maloney,* 208 AD2d 603 [1994]), and a determination on custody and visitation will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of McMillian v Rizzo,* 31 AD3d 555 [2006]). Factors to be considered in determining a child's best interest include: "the quality of the home environment and the parental guidance the custodial parent provides for the child . . . the ability of each parent to provide for the child's emotional and intellectual development . . . the financial status and ability of each parent to provide for the child . . . the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect" (*Matter of Walton v Walton,* 306 AD2d 491, 492 [2003] [internal quotation marks omitted]; *see Sandman v Sandman,* 64 AD2d 698 [1978]).

Here, the Family Court had the opportunity to observe the mother and the father testify and ultimately concluded that the

father, unlike the mother, was credible. At the hearing, the father, who obtained temporary custody of the subject children after they were removed from the mother's custody upon a finding of neglect, demonstrated his ability to provide for them both financially and emotionally. The Family Court also conducted in camera interviews with the subject children and took their preferences into consideration (*see Matter of O'Connor v Dyer*, 18 AD3d 757 [2005]; *Sandman v Sandman, supra*).

Based on the totality of the circumstances (*see Eschbach v Eschbach, supra*), the Family Court's determination had a sound and substantial basis in the record, and was in the best interests of the children. Thus, the Family Court properly awarded custody to the father (*see e.g. Kuncman v Kuncman*, 188 AD2d 517 [1992]).

The parties' remaining contentions are without merit. Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.