■ In the Matter of MATTHEW BRASS, Respondent, v CHRIS-INDA OTERO, Appellant. [835 NYS2d 675]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Blass, Ct Atty Ref), dated September 8, 2006, which, after a hearing, granted the father's petition for custody of the subject children, established a visitation schedule for her, and directed the father to submit to a substance abuse evaluation and comply with any and all recommendations arising from that evaluation.

Ordered that the appeal from so much of the order as directed the father to submit to a substance abuse evaluation and comply with any and all recommendations arising from that evaluation is dismissed, without costs or disbursements, as the mother is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof establishing a visitation schedule for the mother; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a hearing to be held with all convenient speed to establish a new, more liberal, visitation schedule; and it is further,

Ordered that pending the hearing and the determination of the Family Court, Suffolk County, the visitation schedule contained in the order dated September 8, 2006 shall remain in effect.

The essential consideration in any custody controversy is what custody arrangement will promote the best interests of the children (see Matter of Brian S. v Stephanie P., 34 AD3d 685, 686 [2006], lv denied 8 NY3d 805 [2007]). Custody determinations depend to a great extent upon the court's assessment of the credibility of the witnesses, as well as the parties' character, temperament and sincerity (see Matter of Venette v Rhodes, 301 AD2d 608 [2003]). The Family Court is in the best position to evaluate the parties' credibility and character (see Matter of Whitley v Whitley, 33 AD3d 810 [2006], lv denied 8 NY3d 809 [2007]). Where the court has conducted a complete evidentiary hearing, its findings must be accorded great weight, and its custody determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; Matter of Shehata v Shehata, 31 AD3d 773, 774 [2006]). Here, the Family Court

determined that the best interests of the parties' children would be served by awarding the father sole legal and physical custody of the children, and this determination has a sound and substantial basis in the record (*see Matter of Richards v Campbell*, 30 AD3d 427, 428 [2006]; *Matter of Rodriguez v Irizarry*, 29 AD3d 704 [2006]).

The Family Court·also awarded the mother visitation with the children on Wednesday evenings, alternate weekends, certain holidays, and during certain school breaks. However, based on the evidence presented at the hearing, we find that the children's best interests would be served by increased visitation (*see Matter of Heuthe v McLaren*, 296 AD2d 500, 501 [2002]; *Castro v Castro*, 292 AD2d 556, 557 [2002]). Accordingly, the matter is remitted to the Family Court, Suffolk County, for a hearing to establish a more liberal visitation schedule (*cf. Colley v Colley*, 200 AD2d 839, 841 [1994]; *Persaud v Persaud*, 170 AD2d 763, 765 [1991]). Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.