In the Matter of Joy Gartmond, Respondent, v Thomas Conway, Appellant. (Proceeding No. 1.) In the Matter of Thomas Conway, Appellant, v Joy Gartmond, Respondent. (Proceeding No. 2.) [837 NYS2d 268]—In two related child custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from (1) so much of an order of the Family Court, Westchester County (Spitz, J.H.O.), entered May 8, 2006, as, after a hearing, granted the mother's petition for sole custody of the subject child and established a visitation schedule for him, and (2) so much of an order of the same court dated October 4, 2006, as denied his motion for a new hearing on the ground of newly-discovered evidence.

Ordered that the order entered May 8, 2006 is modified, on the law and in the exercise of discretion, (1) by deleting the pro-

vision thereof providing that the father shall have visitation with the child on alternate weekends from Friday at 6:00 P.M. until Sunday at 6:00 P.M. and substituting therefor a provision providing that the father shall have visitation with the child on alternate weekends from Friday at 6:00 P.M. until Monday at 6:00 P.M.; as so modified, the order entered May 8, 2006, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 4, 2006 is affirmed insofar as appealed from, without costs or disbursements.

The essential consideration in determining custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The Family Court's custody determination "depends to a great extent upon its assessment of the credibility of the witnesses and upon the assessments of the character, temperament, and sincerity of the parents" (*Maloney v Maloney*, 208 AD2d 603, 603 [1994]; *see Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]). Therefore, it should not be set aside unless it lacks a sound and substantial basis in the record (*see Neuman v Neuman*, 19 AD3d 383, 384 [2005]; *Maloney v Maloney, supra* at 603). The Family Court's determination to award custody to the mother has a sound and substantial basis in the record and will not be disturbed. This determination was supported by the position taken by the Law Guardian.

However, the duration of the father's visitation should be increased to the extent indicated since "whenever possible, the best interests of a child lie in his [or her] being nurtured and guided by both of his [or her] [biological] parents" (*Daghir v Daghir*, 82 AD2d 191, 193 [1981], *affd* 56 NY2d 938 [1982]). It is appropriate to expand the visitation schedule established by the Family Court to the extent indicated herein (*see Matter of Heuthe v McLaren*, 296 AD2d 500, 501 [2002]; *Castro v Castro*, 292 AD2d 556 [2002]).

The Supreme Court providently exercised its discretion in denying the father's motion for a new hearing on the ground of newly discovered evidence. The evidence could have been discovered earlier with due diligence, and its introduction likely would not have produced a different result (*see Reed v Reed*, 13 AD3d 602, 603 [2004]; *Federated Conservationists of Westchester County v County of Westchester*, 4 AD3d 326, 327 [2004]).

The father's remaining contentions are without merit. Miller, J.P., Ritter, Covello and Balkin, JJ., concur.