■ In the Matter of JACKSON ETIENNE, Appellant, v IRMONDE SYLVAIN, Respondent. (Proceeding No. 1.) In the Matter of IRMONDE SYLVAIN, Respondent, v JACKSON ETIENNE, Appellant. (Proceeding No. 2.) [851 NYS2d 605]—In two related child custody proceedings pursuant to Family Court Act article 6 and Domestic Relations Law article 5-A (Uniform Child Custody Jurisdiction and Enforcement Act), the father appeals from an order of the Family Court, Kings County (Pearl, J.), dated June 7, 2006, which, after a hearing, denied his petition to modify the parties' judgment of divorce to award him sole legal and physical custody of the parties' children, and granted the mother's petition to modify the parties' judgment of divorce and award her sole legal and physical custody of the parties' children and permit her to relocate with the children to France.

Ordered that the order is affirmed, without costs or disbursements.

The essential consideration in determining custody is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 172 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]; *Matter of Grossman v Grossman,* 5 AD3d 486 [2004]). "Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Plaza v Plaza,* 305 AD2d 607 [2003]; *see Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947 [1985]; *Grossman v Grossman,* 5 AD3d at 486-487).

Here, the Family Court's determination, has a sound and substantial basis in the record. Accordingly, the Family Court's determination to award sole custody of the parties' children to the mother will not be disturbed. Contrary to the father's claim, a review of the court's decision indicates that it gave careful consideration to all of the relevant factors (*see Matter of Galanos v Galanos,* 28 AD3d 554, 555 [2006]).

The Family Court's determination that relocation of the parties' children to France was in the best interests of the children is supported by a sound and substantial basis in the record (*see Matter of Tropea v Tropea,* 87 NY2d 727 [1996]). The visitation schedule allows for the continuation of a meaningful relationship between the father and the children (*see Matter of Tropea v Tropea,* 87 NY2d 727 [1996]; *Matter of Cooke v Alaimo,* 44 AD3d 655 [2007]). Santucci, J.P., Miller, Lifson and Covello, JJ., concur.