◼ In the Matter of LAVAR WALDRON, Respondent, v CASSANDRE DUSSEK, Appellant. [851 NYS2d 630]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Duffy, J.), entered January 17, 2007, as, after a hearing, granted that branch of the father's petition which was for visitation to the extent of directing visitation with the

subject children on the first three weekends of every month and denied that branch of her cross petition which was to award her sole decision-making authority with respect to the children's religion.

Ordered that the order is modified, on the law, by deleting the provision thereof awarding the father visitation on the first three weekends of every month and substituting therefor a provision awarding the father visitation on alternate weekends, at the times set forth in the order entered January 17, 2007; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"A court must determine the best interests of the child when adjudicating custody and visitation issues" (*Matter of Thompson v Yu-Thompson,* 41 AD3d 487, 488 [2007]; *see Jordan v Jordan,* 8 AD3d 444, 445 [2004]). Significantly, custody and visitation "determinations depend to a great extent upon the court's assessment of the credibility of witnesses, as well as the parties' character, temperament and sincerity," which the Family Court is in the best position to evaluate (*Matter of Brass v Otero,* 40 AD3d 752, 752 [2007]). Therefore, "[w]here the court has conducted a complete evidentiary hearing, its findings must be accorded great weight, and its custody [and visitation] determination will not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Brass,* 40 AD3d at 752; *see Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]; *Matter of Whitley v Whitley,* 33 AD3d 810 [2006]).

Here, the determination of the Family Court to award the father visitation with the children on the first three weekends of every month is not supported by the record, as it gives no weight to the father's testimony that he must work every other weekend. Under the circumstances, the best interests of the children would be better served by awarding the father visitation with the children on alternating weekends rather than the first three weekends of every month, particularly since one of the children is of school age, and visitation on alternating weekends is thus "a more appropriate schedule, consistent with the parental rights and responsibilities of both parties" (*Chamberlain v Chamberlain,* 24 AD3d 589, 593 [2005]; *see Matter of Patrick v Farris,* 39 AD3d 864, 865 [2007]; *Jordan v Jordan,* 8 AD3d 444, 445 [2004]).

However, the determination of the Family Court denying that branch of the mother's cross petition which was for sole decision-making authority with respect to the children's religion is supported by the record and should not be disturbed. Under the circumstances, the best interests of the children, who have

already been exposed to the religious practices and beliefs of both parents, are better served by allowing both parents to be involved with decisions relating to religion (*Matter of Scialdo v Kernan,* 14 AD3d 813 [2005]; *Matter of Morin v Stancu,* 309 AD2d 1035 [2003]; *Mars v Mars,* 286 AD2d 201, 202-203 [2001]). Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.