■ In the Matter of JENNIFER EDWARDS, Appellant, v IAN CROMBIE, Respondent, and ALYSA STEVENS, Respondent. (Proceeding No. 1.) In the Matter of ALYSA STEVENS, Respondent, v IAN CROMBIE, Respondent. JENNIFER EDWARDS, Nonparty Appellant. (Proceeding No. 2.) [880 NYS2d 540]—In related child custody proceedings pursuant to Family Court Act article 6, the paternal grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (Doyle, Ct. Atty. Ref.), dated August 31, 2007, as, after a hearing, denied her petition for custody of the subject children and granted the mother's petition to modify so much of a prior order of the same court dated March 29, 2006, awarding the father custody of the subject children, and awarded the mother custody of the subject children, with only limited visitation to the paternal grandmother.

Ordered that the order dated August 31, 2007, is affirmed insofar as appealed from, with one bill of costs.

Custody matters are within the sound discretion of the Family Court. The findings of the Family Court should be accorded great deference on appeal since it is in the best position to evaluate the testimony, character, and sincerity of the parties (*see Matter of Desroches v Desroches*, 54 AD3d 1035 [2008]; *Matter of Etienne v Sylvain*, 47 AD3d 930, 931 [2008]). The award of custody to the mother is supported by a sound and substantial basis in the record, and there is no basis to disturb it (*see Matter of Gilleo v Lienhard*, 19 AD3d 490 [2005]).

The paternal grandmother's remaining contentions are without merit. Skelos, J.P., Fisher, Belen and Lott, JJ., concur.