■ In the Matter of JAMES R. YASUS, Appellant-Respondent, v DANA E. YASUS, Respondent-Appellant. ADRIENNE FLIPSE HAUSCH, Nonparty Appellant-Respondent. (Proceeding No. 1.) In the Matter of DANA E. YASUS, Respondent-Appellant, v JAMES R. YASUS, Appellant-Respondent. ADRIENNE FLIPSE HAUSCH, Nonparty Appellant-Respondent. (Proceeding No. 2.) [893 NYS2d 219]—

The parties are the parents of two young children. When they divorced, they agreed to share joint custody, with the mother to have physical custody. After the mother relocated to South Carolina with the children without the permission of either the father or the Family Court, physical custody was transferred to the father, and he then moved with the children to live with his mother in an apartment in Nassau County. Both parties then petitioned the Family Court for sole custody of the children, with the mother also seeking for permission to relocate them to live with her and her new husband in South Carolina.

After a trial conducted over the span of a year, the Family Court determined that the mother would be awarded sole custody of the children, provided that she returned to live in New York, within 30 miles of the father's home, by January 1, 2009. If she chose not to return to New York, the parties were to share joint custody, with the father to retain physical custody of the children, and the mother to have final decision-making authority concerning the children's welfare, education, medical, and mental health issues, except in the event of an emergency. The mother did not relocate to New York.

Custody determinations depend largely upon the court's assessment of the credibility of witnesses, as well as the parties' character, temperament, and sincerity (*see Matter of Brass v Otero,* 40 AD3d 752, 752 [2007]). Therefore, "[w]here the court has conducted a complete evidentiary hearing, its findings must be accorded great weight, and its custody . . . determination will not be disturbed unless it lacks a sound and substantial basis in the record" (*id.* at 752; *see Eschbach v Eschbach,* 56 NY2d 167, 173 [1982]; *Matter of Whitley v Whitley,* 33 AD3d 810 [2006]; *Matter of Waldron v Dussek,* 48 AD3d 471 [2008]).

The Family Court's determination in this case, while not resulting in an ideal situation, nevertheless has a sound and substantial basis in the record, and was clearly fashioned to promote the best interests of the children involved. The record supports the Family Court's finding that the mother is more capable of making appropriate decisions concerning the children's education and mental and physical health needs, and is a more active advocate for the children, such that it was in their best interest to award sole custody to her (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946 [1985]).

However, based on the finding that the mother did not estab-

lish by a preponderance of the evidence that it was in the best interest of the children to relocate to South Carolina, a finding with which we agree (*see Matter of Tropea v Tropea,* 87 NY2d 727 [1996]), it was appropriate to condition the award of sole custody to her upon her relocating to New York. Inasmuch as she elected not to relocate to New York, the parties are sharing joint custody of the children, the father has physical custody, and the mother has final decision-making authority concerning the children's welfare, education, medical, and mental health issues, except in an emergency. Since there is a sound and substantial basis in the record for finding that this arrangement, although inconvenient for the adults involved, is in the best interests of the children, we decline to disturb it. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.