■ In the Matter of JAMES McCORMICK, Respondent, v MIRIAM L. DIXON, Appellant. [909 NYS2d 673]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Woods, J.), entered August 17, 2009, as, after a hearing, granted that branch of the father's petition which was for physical custody of the child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"The essential consideration in making an award of custody is the best interests of the child" (*Mohen v Mohen*, 53 AD3d 471, 472-473 [2008]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]). "Custody determinations depend largely upon the court's assessment of the credibility of witnesses, as well as the parties' character, temperament, and sincerity" (*Matter of Yasus v Yasus*, 69 AD3d 738, 739 [2010]; *see Matter of Brass v Otero*, 40 AD3d 752, 752 [2007]). Thus, where the court has conducted a complete evidentiary hearing, its findings should be accorded deference, and its custody determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Yasus v Yasus*, 69 AD3d at 739; *Matter of Brass v Otero*, 40 AD3d at 752).

Here, the Family Court's finding that the child's best interests would be served by an award of physical custody to the father has a sound and substantial basis in the record and will not be disturbed (see *Matter of Ganzenmuller v Rivera*, 40 AD3d 756, 757 [2007]). Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.