In the Matter of CARLOS E. ORTEGA-BEJAR, Respondent, v HEMELINE J. MORANTE, Appellant. [917 NYS2d 675]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from stated portions of an order of the Family Court, Queens County

(Ebrahimoff, Ct. Atty. Ref.), dated March 16, 2010, which, after a hearing, inter alia, granted the father's petition for sole custody of the subject child.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the fourth decretal paragraph thereof relating to visitation; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for determination of a visitation schedule, including, if necessary, a hearing, to be conducted with all convenient speed; and it is further,

Ordered that pending the determination of a visitation schedule, the mother shall have visitation with the subject child, as agreed upon by the parties.

The mother and the father were married in 2000, and after the birth of the subject child later that year, they lived together in their native country of Peru. After an altercation with the father in January 2006, the mother left the marital home with the subject child. In May 2006, during the pendency of a custody proceeding commenced by the father in Peru, the mother took the subject child to the United States and settled on Long Island with her boyfriend and his family, without informing the father of their whereabouts.

In March 2008, after discovering the whereabouts of the mother and the subject child, and after learning that the mother had, in May 2007, obtained an order from the Family Court, Queens County, awarding her custody of the subject child upon the father's default, the father commenced this proceeding in the same court, seeking custody of the subject child. The Family Court conducted a hearing on the father's petition, at which it heard testimony from the father and the mother, as well as a court-appointed forensic psychologist who, inter alia, interviewed the parties and the subject child and rendered a comprehensive evaluation specifically addressing the impact on the subject child of a change in custody. After the hearing, the Family Court granted the father's petition and, inter alia, awarded him sole custody of the subject child.

The Family Court's paramount concern in a child custody proceeding is to determine what placement is in the child's best interests under the totality of the circumstances (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-94 [1982]; *Matter of Brass v Otero*, 40 AD3d 752 [2007]; *Matter of Ish-Shalom v Wittmann*, 19 AD3d 493 [2005]). In this case, by removing the subject child from the marital home and relocating to a distant foreign country without informing the father of the subject child's

whereabouts, the mother severely interfered with the relationship between the subject child and the father, and thus committed " 'an act so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as a custodial parent' " (*Young v Young*, 212 AD2d 114, 115 [1995], quoting *Maloney v Maloney*, 208 AD2d 603, 603-604 [1994]). In addition, the parties' testimony—viewed in light of the Family Court's assessment of their credibility, which is entitled to deference (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Brass v Otero*, 40 AD3d at 752)—as well as the testimony of the forensic psychologist, amply supported the Family Court's finding that the father is "far superior [to the mother] as a parent." Accordingly, the Family Court's determination that the subject child's best interests would be served by awarding sole custody to the father and permitting him to return with the subject child to their native country of Peru was supported by a sound and substantial basis in the record (*see Matter of Yasus v Yasus*, 69 AD3d 738, 739 [2010]; *Matter of Brass v Otero*, 40 AD3d at 752-753).

The portion of the order appealed from addressing the issue of visitation provides that the mother "shall have actual visits as she and the father agree," with such visits to be "therapeutic, supervised, or unsupervised as they agree." Based on the evidence presented at the hearing, including the recommendations of the forensic psychologist, the subject child's best interests would be better served by the establishment of a detailed visitation schedule (*cf. Matter of Brass v Otero*, 40 AD3d at 753; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 473 [2004]). Accordingly, we remit the matter to the Family Court, Queens County, for determination of a visitation schedule including, if necessary, a hearing, to be conducted with all convenient speed.

The mother's remaining contention is without merit. Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.