█ In the Matter of DAVID DURAN, Respondent, v KIMBERLY SUTHERLAND, Appellant. [926 NYS2d 323]—

In adjudicating custody issues, the paramount concern is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]; *Matter of Brass v Otero*, 40 AD3d 752 [2007]). Since the Supreme Court's determination in a custody dispute is based upon a first-hand assessment of the parties, their credibility, character, and temperament, it is generally accorded great deference on appeal and should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v*

*Eschbach*, 56 NY2d at 173; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]; *Matter of Brass v Otero*, 40 AD3d 752 [2007]).

Contrary to the mother's contentions, the Supreme Court properly considered the totality of the circumstances in determining that the best interests of the child would be served by awarding custody to the father, with liberal visitation to her (*see Eschbach v Eschbach*, 56 NY2d at 174; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]). That determination is supported by the record, including the testimony of the parties and the recommendation of the court-appointed forensic evaluator. Since the Supreme Court's determination has a sound and substantial basis in the record, it will not be disturbed (*see Matter of McCormick v Dixon*, 78 AD3d 708 [2010]; *Matter of Edwards v Crombie*, 63 AD3d 926 [2009]; *Matter of Desroches v Desroches*, 54 AD3d 1035 [2008]; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]; *Matter of Brass v Otero*, 40 AD3d 752 [2007]).

The mother's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.