■ In the Matter of GREGORY DEMETER, Respondent, v GLADYS ALAYON, Appellant. [934 NYS2d 846]—

In adjudicating custody issues, the paramount concern is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]; *Matter of Brass v Otero*, 40 AD3d 752 [2007]). Since the Family Court's determination in a custody dispute is based upon a first-hand assessment of the parties, as well as their credibility, character, and temperament, and the Family Court's credibility determinations are to be accorded great weight on appeal, such a determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Perez v Martinez*, 52 AD3d 518 [2008]; *Matter of Brass v Otero*, 40 AD3d 752 [2007]).

Contrary to the mother's contentions, the Family Court properly considered the totality of the circumstances in determining that the best interests of the child would be served by awarding the parties joint legal and residential custody (*see Eschbach v Eschbach*, 56 NY2d at 174; *Matter of Perez v Martinez*, 52 AD3d at 519). Although there is some antagonism between the parties, it is also apparent that they are both good and loving parents to their daughter, and that she is equally attached to both of them (*see Matter of Marriott v Hernandez*, 55 AD3d 613, 614 [2008]; *Teuschler v Teuschler*, 242 AD2d 289, 290 [1997]).

The Family Court did not improvidently exercise its discretion when it conditioned joint residential custody on the mother's relocation to New Jersey, where the father resides. Since the child has begun school, the parents must live close to each other in order to equally share parenting time. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.