■ In the Matter of JOSEPHINE D. SAENZ DEVITERI, Appellant, v VINCENT SALDANA, Respondent. [944 NYS2d 635]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Westchester County (Klein, J.), entered September 2, 2011, as, after a hearing, denied her petition for sole legal and physical custody of the subject child and granted that branch of the father's petition which was for physical custody of the subject child to him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The mother waived her right to challenge the admission of the court-ordered forensic and probation reports, as she was represented by counsel when she stipulated to the admission of the reports into evidence (*see People v Green*, 92 AD3d 953, 954 [2012]; *Matter of James Jerome C. v Mary Elizabeth J.*, 31 AD3d 1184, 1185 [2006]).

"The essential consideration in any custody controversy is the best interests of the child" (*Matter of McDonough v Mc-Donough*, 73 AD3d 1067, 1068 [2010] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "The best interests of the child are determined by a review of the totality of the circumstances" (*Matter of Garcia v Fountain*, 82 AD3d 979, 980 [2011]). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of McDonough v McDonough*, 73 AD3d at 1068 [internal quotation marks omitted]; *see Miller v Pipia*, 297 AD2d 362, 364 [2002]). "As a custody determination depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, the findings of the Family Court will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Tercjak v Tercjak*, 49 AD3d 772, 772 [2008]; *see Matter of McCormick v Dixon*, 78 AD3d 708 [2010]).

Contrary to the mother's contention, the Family Court's determination that it was in the best interests of the subject child to award physical custody of the child to the father was supported by a sound and substantial basis in the record. Although the evidence adduced at the hearing indicated that both parents were loving and competent caregivers, the evidence also demonstrated that the father had shown a greater ability and willingness than the mother to foster the child's relationship with the other parent (*see Matter of Martinez v Hyatt*, 86 AD3d 571, 572 [2011]; *McVeigh v Curry* 74 AD3d 915, 916 [2010]; *Matter of Tori v Tori*, 67 AD3d 1021 [2009]).

The mother's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.