In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Westchester County (Greenwald, J.), entered November 28, 2011, as, without a hearing, in effect, granted the father’s petition to modify the custody provisions of a stipulation of settlement which was incorporated but not merged into a judgment of divorce of the Supreme Court, Westchester County, entered December 21, 2006, to the extent of awarding the father sole legal and residential custody of the parties’ two sons, and limiting the mother’s contact with the parties’ youngest son to supervised visitation.
Ordered that order is affirmed insofar as appealed from, with costs.
The mother contends that the Family Court erred by, in effect, granting the father’s petition to modify the custody provisions of a stipulation of settlement which was incorporated but not merged into the judgment of divorce, without a hearing, to the extent of awarding the father sole legal and residential custody of the parties’ two sons, and limiting her contact with their youngest son to supervised visitation.
An award of custody must be based upon the best interests of the child, and neither parent has a prima facie right to custody of the child (see Domestic Relations Law § 70 [a]; Matter of Peek v Peek, 79 AD3d 753, 753-754 [2010]; Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]; Matter of Francois v Hall, 73 AD3d 1055 [2010]). “Generally, the determination of a custody issue can only be resolved after a full and comprehensive hearing, and a careful analysis of the applicable factors to be considered in determining what custody arrangement will further the child’s best interests” (Matter of Nalty v Kong, 59 AD3d 723, 724 [2009]; see Obey v Degling, 37 NY2d 768, 769-770 [1975]; Matter of Peek v Peek, 79 AD3d at 753-754; Audubon v Audubon, 138 AD2d 658, 658-659 [1988]). However, “a hearing will not be necessary where the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child’s best interest” (Matter of Hom v Zullo, 6 AD3d 536, 536 [2004]; see Matter of Sullivan v Moore, 95 AD3d 1223 [2012]; Matter of Jeffers v Hicks, 67 AD3d 800 [2009]).
Under the circumstances presented here, the Family Court *1055 providently exercised its discretion in granting, without a hearing, the father’s petition to modify the parties’ prior custody arrangement to the extent of awarding him sole legal and residential custody of the parties’ two sons, and limiting the mother’s contact with their youngest son to supervised visitation. The Family Court possessed adequate relevant information, considering, inter alia, the numerous court dates in this matter and the relationship between the parties (see Matter of Jeffers v Hicks, 67 AD3d at 801; Matter of Attallah N., 65 AD3d 1047 [2009]).
Rivera, J.E, Dickerson, Leventhal and Hall, JJ., concur.