In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Woods, J.), dated October 10, 2012, as, after a hearing, denied that branch of her petition which was to modify a prior order of custody and visitation of the same court dated April 19, 2010, so as to allow her to relocate with the parties’ two children to Michigan.
Ordered that the order dated October 10, 2012, is affirmed insofar as appealed from, without costs or disbursements.
When reviewing a custodial parent’s petition for leave to relocate with a child, the court’s primary focus must be the best *744 interests of that child (see Matter of Hirtz v Hirtz, 108 AD3d 712 [2013]). The factors relevant to the determination of whether to allow the custodial parent to relocate with the child “include, but are certainly not limited to each parent’s reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child’s future contact with the noncustodial parent, the degree to which the custodial parent’s and child’s life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements” (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]). “In the end, it is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child’s best interests” (id. at 741). In assessing the factors laid out by the Court of Appeals in Tropea, no one factor should be treated as dispositive (see id. at 738).
“Relocation determinations are within the sound discretion of the Family Court, which has the opportunity to observe the demeanor and assess the character and credibility of the parties and witnesses” (Matter of McBryde v Bodden, 91 AD3d 781, 782 [2012]). “[A] relocation determination will not be permitted to stand unless it is supported by a sound and substantial basis in the record” (id. at 782).
Here, the Family Court, upon weighing the appropriate factors set forth in Tropea, properly determined that relocation was not in the children’s best interests (see generally Matter of Giraldo v Gomez, 49 AD3d 645 [2008]).
Skelos, J.E, Dickerson, Leventhal and Miller, JJ., concur.