In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (James, Ct. Atty. Ref.), dated September 21, 2012, which, after a hearing, denied her petition to modify a prior order of custody and visitation of the same court dated June 18, 2009, so as to allow her to relocate with the parties’ two children to Florida.
Ordered that the order dated September 21, 2012, is affirmed, without costs or disbursements.
When reviewing a custodial parent’s petition for leave to relocate with children, the court’s primary focus must be on the best interests of those children (see Matter of Tropea v Tropea, 87 NY2d 727, 739 [1996]; Matter of Diaz v Diaz, 115 AD3d 743 [2014]; Kime v Kime, 302 AD2d 564 [2003]; Harmon v Harmon, 254 AD2d 456 [1998]). Furthermore, “ ‘[s]ince the Family Court’s . . . determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record’ ” (Matter of Grossman v Grossman, 5 AD3d 486, 486-487 [2004], quoting Matter of Plaza v Plaza, 305 AD2d 607, 607 [2003]). The Family Court, upon weighing the appropri *884 ate factors set forth in Matter of Tropea v Tropea (87 NY2d 727 [1996]), properly determined that relocation was not in the children’s best interests.
The mother’s contention that she was deprived of effective assistance of counsel is without merit. Viewed in totality, the record establishes that the mother received meaningful representation (see Matter of Darrell W. [Tenika C.], 110 AD3d 1088, 1089 [2013]; Matter of Dylan Mc. [Michelle M. Mc.], 105 AD3d 1049, 1050 [2013]; Matter of Christiana C. [Carleton C.], 86 AD3d 606, 607-608 [2011]).
Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.