ance of the evidence facts in support of the identified mitigating factor. Contrary to the defendant's contention, he failed to meet this burden with respect to any of the alleged mitigating factors (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Pavia*, 121 AD3d 960 [2014]; *People v Nunez*, 121 AD3d 766 [2014]). Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.

■ S.L., Appellant, v J.R., Respondent. [5 NYS3d 226]—

In an action for a divorce and ancillary relief, the plaintiff appeals, by permission, from an order of the Supreme Court, Westchester County (Capeci, J.), entered October 10, 2013, which, without a hearing, granted the defendant's motion for sole legal and physical custody of the parties' two children.

Ordered that the order is affirmed, with costs.

An award of custody must be based upon the best interests of the child, and neither parent has a prima facie right to custody of the child (*see* Domestic Relations Law § 70; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93 [1982]; *Matter of Zaratzian v Abadir*, 105 AD3d 1054 [2013]). Although a custody determination generally may only be made following a full and comprehensive evidentiary hearing (*see Obey v Degling*, 37 NY2d 768, 769-770 [1975]; *Matter of Savoca v Bellofatto*, 104 AD3d 695, 696 [2013]; *Matter of Peek v Peek*, 79 AD3d 753 [2010]; *Matter of Nalty v Kong*, 59 AD3d 723 [2009]), no hearing is necessary where, as here, "the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child's best interest" (*Matter of Hom v Zullo*, 6 AD3d 536, 536 [2004]; *see Matter of Lazo v Cherrez*, 121 AD3d 1002 [2014]; *Matter of Zaratzian v Abadir*, 105 AD3d at 1054; *Matter of Schyberg v Peterson*, 105 AD3d 857 [2013]).

Significantly, the parties' affidavits and the report prepared by the court-appointed forensic evaluator demonstrate that the plaintiff admits the defendant's allegations regarding her emotionally destructive and sometimes violent behavior toward him and the parties' two children. Moreover, the forensic evaluator, who interviewed the parties and the subject children, concluded that the defendant was the more stable parent, and that the defendant was able to make sound parenting decisions for the children. Additionally, the attorney for the children supported the award of custody to the defendant.

The plaintiff's remaining contentions are without merit.

Thus, a sound and substantial basis in the record exists to support the Supreme Court's determination that it was in the best interests of the subject children to award the defendant sole legal and physical custody (*see Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]; *Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729 [2014]; *Matter of DeViteri v Saldana*, 95 AD3d 1221, 1222 [2012]). Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.

 U.S. Bank National Association, Respondent, v Mohamad Hasan, Appellant, et al., Defendants. [5 NYS3d 460]—

In an action to foreclose a mortgage, the defendant Mohamad Hasan appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated February 21, 2014, which granted the plaintiff's motion for leave to enter a default judgment of foreclosure and sale against him and denied his cross motion pursuant to CPLR 317 and 5015 (a) to vacate his default in appearing or answering the complaint.

Ordered that the order is affirmed, with costs.

In July 2005, New Century Mortgage Corporation (hereinafter New Century) loaned $256,500 to the defendant Mohamad Hasan (hereinafter the defendant). The loan was evidenced by an adjustable rate note, endorsed in blank, and was secured by a mortgage on the defendant's real property in Staten Island. In or about January 2010, the defendant defaulted on his payment obligations under the note and mortgage. A written "Corporate Assignment of Mortgage" indicates that on June 2, 2010, New Century assigned the mortgage and note to the plaintiff. Thereafter, the plaintiff commenced this action. According to an affidavit of service, the defendant was served with the summons and complaint on July 19, 2010, by delivery to a coworker pursuant to CPLR 308 (2). The defendant neither appeared nor answered the complaint. On November 25, 2011, the Supreme Court issued an order of reference on default. In November 2013, the plaintiff moved for leave to enter a default judgment of foreclosure and sale. The defendant cross-moved pursuant to CPLR 317 and CPLR 5015 (a) to vacate his default in appearing or answering. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.

The Supreme Court properly granted the plaintiff's motion