In an action for a divorce and ancillary relief, the plaintiff appeals, by permission, from an order of the Supreme Court, Westchester County (Capeci, J.), entered October 10, 2013, which, without a hearing, granted the defendant’s motion for sole legal and physical custody of the parties’ two children.
Ordered that the order is affirmed, with costs.
An award of custody must be based upon the best interests of the child, and neither parent has a prima facie right to custody of the child (see Domestic Relations Law § 70; Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]; Matter of Zaratzian v Abadir, 105 AD3d 1054 [2013]). Although a custody determination generally may only be made following a full and comprehensive evidentiary hearing (see Obey v Degling, 37 NY2d 768, 769-770 [1975]; Matter of Savoca v Bellofatto, 104 AD3d 695, 696 [2013]; Matter of Peek v Peek, 79 AD3d 753 [2010]; Matter of Nalty v Kong, 59 AD3d 723 [2009]), no hearing is necessary where, as here, “the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child’s best interest” (Matter of Hom v Zullo, 6 AD3d 536, 536 [2004]; see Matter of Lazo v Cherrez, 121 AD3d 1002 [2014]; Matter of Zaratzian v Abadir, 105 AD3d at 1054; Matter of Schyberg v Peterson, 105 AD3d 857 [2013]).
Significantly, the parties’ affidavits and the report prepared by the court-appointed forensic evaluator demonstrate that the plaintiff admits the defendant’s allegations regarding her emotionally destructive and sometimes violent behavior toward him and the parties’ two children. Moreover, the forensic evaluator, who interviewed the parties and the subject children, concluded that the defendant was the more stable parent, and that the defendant was able to make sound parenting decisions for the children. Additionally, the attorney for the children supported the award of custody to the defendant.
The plaintiffs remaining contentions are without merit.
*683 Thus, a sound and substantial basis in the record exists to support the Supreme Court’s determination that it was in the best interests of the subject children to award the defendant sole legal and physical custody (see Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]; Matter of Graziani C.A. [Lisa A.], 117 AD3d 729 [2014]; Matter of DeViteri v Saldana, 95 AD3d 1221, 1222 [2012]).
Dillon, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.