■ In the Matter of MARIALENA ELTALKHAWY, Appellant, v MOSTAFA ELTALKHAWY, Respondent. [21 NYS3d 311]—Appeals from two orders of the Family Court, Kings County (Dean Kusakabe, J.), both dated May 20, 2014. The orders, insofar as appealed from, after a hearing, awarded the father sole custody of the subject children in all areas of their lives except for

religious decision making, awarded the parties joint custody of the subject children in the area of religious decision making, and awarded the mother certain parenting time.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

In adjudicating custody issues, the paramount concern is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]). The Family Court's determination in a custody dispute is generally accorded great deference on appeal and should not be disturbed unless it lacks a sound and substantial basis in the record, as it is based upon a first-hand assessment of the parties, their credibility, character, and temperament (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Perez v Martinez*, 52 AD3d at 519; *Matter of Tavarez v Musse*, 31 AD3d 458 [2006]).

Contrary to the mother's contentions, the Family Court properly considered the totality of the circumstances in determining that the best interests of the subject children would be served by, inter alia, awarding custody to the father, with parenting time to her (*see Eschbach v Eschbach*, 56 NY2d at 174; *Matter of Ortega-Bejar v Morante*, 81 AD3d 962 [2011]; *Matter of McCormick v Dixon*, 78 AD3d 708 [2010]; *Matter of Edwards v Crombie*, 63 AD3d 926 [2009]). That determination is supported by the record, including the testimony of the parties, and the reports and testimony of the court-appointed neutral forensic evaluators. Since the Family Court's determination has a sound and substantial basis in the record, it will not be disturbed (*see Matter of Perez v Martinez*, 52 AD3d at 519; *Matter of Tavarez v Musse*, 31 AD3d 458 [2006]).

The mother's contention that she was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record establishes that the mother received meaningful representation (*see Matter of Haughton v Tsang*, 118 AD3d 883, 884 [2014]; *Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]).

The mother's remaining contentions are without merit. Dillon, J.P., Hall, Cohen and Barros, JJ., concur.