■ In the Matter of CAROLINE DRUMMOND, Appellant, v VEL-MORE ROBINSON et al., Respondents. [29 NYS3d 515]—

Appeal from an order of the Family Court, Kings County (Maria Arias, J.), dated March 16, 2015. The order dismissed the mother's petition for custody for failure to prosecute.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County for further proceedings.

The appellant commenced this proceeding pursuant to Family Court Act article 6 seeking custody of her daughter. The daughter resided with her maternal grandmother, who had been appointed the daughter's guardian. The proceeding was adjourned on several occasions to permit the mother to obtain proof of service of the petition on the daughter's father. On March 16, 2015, the mother's attorney was not present in court when the case was called to be heard. Although the mother requested an adjournment for her attorney to appear, the Family Court denied the request and dismissed the petition for failure to prosecute. The mother appeals from the dismissal order, arguing that her assigned counsel was ineffective.

Contrary to the contention of the attorney for the child, "[v]iewed in totality," the record did not establish that the mother received "meaningful representation" (*Matter of Eltalkhawy v Eltalkhawy*, 134 AD3d 707, 708 [2015]; *see Matter of Cruz v Figueroa*, 132 AD3d 669, 670 [2015]; *Matter of Chamas v Carino*, 119 AD3d 564, 565 [2014]; *Matter of Haughton v Tsang*, 118 AD3d 883, 884 [2014]; *Matter of Ruvolo v Herrera*, 62 AD3d 1012 [2009]; *see also People v Benevento*, 91 NY2d 708, 712 [1998]). Despite being reminded of her obligations by the Family Court, and being given several viable options for resolving the issue of service upon the father, the mother's assigned counsel failed to make any efforts to resolve that issue, leading to dismissal of the petition.

Accordingly, the petition should not have been dismissed. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.