Alago v Roman (2018 NY Slip Op 07117)





Alago v Roman


2018 NY Slip Op 07117


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-09414
 (Docket No. V-4733/13)

[*1]In the Matter of Nicole Alago, respondent,
v
Francisco Roman, Jr., appellant.


Jane M. Bloom, Monticello, NY, for appellant.
Heather Abissi, Brewster, NY, for respondent.
Richard N. Lentino, Middletown, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated August 24, 2017. The order, after a hearing, granted the mother's petition to modify the provisions of an order of the same court dated October 22, 2015, so as to award her sole legal and residential custody of the parties' two children.
ORDERED that the order dated August 24, 2017, is affirmed, without costs or disbursements.
In an order dated October 22, 2015, the Family Court awarded the parties joint legal custody of their two children, and awarded the father sole residential custody. In May 2016, the mother petitioned for modification of the custody order so as to award her sole legal and residential custody. The court granted the mother's petition, and the father appeals.
Custody determinations depend largely upon the court's "assessment of the credibility of witnesses, as well as the parties' character, temperament and sincerity" (Matter of Brass v Otero, 40 AD3d 752, 752). Therefore, "[w]here the court has conducted a complete evidentiary hearing, its findings must be accorded great weight, and its custody determination will not be disturbed unless it lacks a sound and substantial basis in the record" (id. at 752; accord Matter of Detwiler v Detwiler, 145 AD3d 778, 781).
Here, contrary to the father's assertions, the Family Court's determination that there had been a substantial change in circumstances requiring a transfer of legal and residential custody to the mother in order to ensure the best interests of the children has a sound and substantial basis in the record and, therefore, will not be disturbed (see Eschbach v Eschbach, 56 NY2d 167, 167; Matter of Pena v Lopez, 140 AD3d 967).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court