Lee v Rogers (2019 NY Slip Op 08559)





Lee v Rogers


2019 NY Slip Op 08559


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2016-12296
2016-12298
2016-12299
2016-12300
 (Index No. 4389/12)

[*1]Sylvia E. Lee, appellant,
v
John Rogers, defendant; John A. Pappalardo, nonparty-respondent. (Appeal Nos. 1, 3, and 4) Sylvia E. Lee, appellant, John Rogers, respondent. (Appeal No. 2)


Harold R. Burke, West Harrison, NY, for appellant.
John A. Pappalardo, White Plains, NY (Olivia T. Marotta of counsel), attorney for the children, nonparty-respondent pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Susan M. Capeci, J.), entered August 1, 2016, (2) an order of the same court, also entered August 1, 2016, (3) an order of the same court entered October 18, 2016, and (4) a decision of the same court, also entered October 18, 2016. The first order entered August 1, 2016, directed a hearing to determine the reasonableness of the fees charged by the attorney for the children. The second order entered August 1, 2016, denied the plaintiff's motion to modify the parties' apportionment of responsibility for the fees for the attorney for the children. The order entered October 18, 2016, upon the decision, also entered October 18, 2016, awarded the attorney for the children compensation in the total sum of $34,624.65, payable in equal shares by the parties.
ORDERED that the appeal from the first order entered August 1, 2016, is dismissed, as no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion (see York v York, 172 AD3d 1283; Serraro v Staropoli, 94 AD3d 1083, 1084), and we decline to grant leave to appeal; and it is further,
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the second order entered August 1, 2016, is reversed, on the law, and [*2]the matter is remitted to the Supreme Court, Westchester County, for an evidentiary hearing on the parties' respective finances, and a new determination thereafter of the plaintiff's motion to modify the parties' apportionment of responsibility for the fees of the attorney for the children; and it is further,
ORDERED that the order entered October 18, 2016, is modified, on the law, by deleting the provision thereof allocating the payment of the fees for the attorney for the children in equal shares; as so modified, the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the attorney for the children payable by the appellant, and one bill of costs is awarded to the appellant payable by the respondent.
In this action for a divorce and ancillary relief, the Supreme Court awarded sole legal and physical custody of the parties' minor children to the defendant, without a hearing, under the adequate relevant information standard. This Court affirmed the order (see S.L. v J.R., 126 AD3d 682), and the plaintiff appealed to the Court of Appeals. The attorney for the children (hereinafter the AFC) opposed the plaintiff's appeal, but proposed a new standard for the need for evidentiary hearings in custody cases. The Court of Appeals reversed this Court's order, rejecting the adequate relevant information standard, and determined that an evidentiary hearing was required in this particular case (see S.L. v J.R., 27 NY3d 558).
Thereafter, the AFC moved, in effect, for an award of attorney's fees. The plaintiff opposed the AFC's motion and moved to modify the parties' apportionment of responsibility for the fees for the AFC. In two orders entered August 1, 2016, the Supreme Court denied the plaintiff's motion for modification, and directed an evidentiary hearing on the reasonableness of the AFC's fees. Following the hearing, the court entered a decision on October 18, 2016, finding that the fees were reasonable, and entered an order on the same date awarding the AFC compensation in the total sum of $34,624.65, payable in equal shares by the parties. The plaintiff appeals from the two orders entered August 1, 2016, and the order entered October 18, 2016, as well as the decision.
Contrary to the plaintiff's contention, the difference in opinion between this Court (see Matter of Plovnick v Klinger, 10 AD3d 84) and the Appellate Division, Third Judicial Department (see Redder v Redder, 17 AD3d 10), as to whether attorneys for children may be compensated directly by the children's parents, rather than by the State, does not give rise to a constitutional claim under the equal protection clauses of the state and federal constitutions. The equal protection clause "does not assure uniformity of judicial decisions or immunity from judicial error. Were it otherwise, every alleged misapplication of state law would constitute a federal constitutional question" (Beck v Washington, 369 US 541, 554, 555 [internal quotation marks omitted]). Rather, a disagreement among the Judicial Departments on the interpretation of a statute is a matter which is for either the Court of Appeals or the Legislature to resolve; "it does not violate the equal protection rights of the person subjected to the more burdensome interpretation" (Hawkins v Agricultural Marketing Service, Dept. of Agriculture, U.S., 10 F3d 1125, 1131-1132 [5th Cir] [internal quotation marks omitted]). Therefore, the plaintiff's equal protection challenge lacks merit.
Moreover, and contrary to the plaintiff's contention, it was appropriate for the AFC to make reasonable use of associates and support staff to conduct legal research and other work, under the AFC's direct supervision, in connection with the appeal of the prior custody determination before this Court and the Court of Appeals (see 22 NYCRR 36.4[c][5]). Accordingly, we agree with the Supreme Court's hearing determination finding that the fees requested by the AFC were reasonable.
However, the plaintiff's motion to modify the parties' apportionment of responsibility for the AFC's fees should not have been decided without an evidentiary hearing. We take no position on whether the equal split between the parties was appropriate, but because the affidavits submitted by the parties provided sharply conflicting reports on the parties' finances (see Anjam v Anjam, 191 AD2d 531, 532) and there was "no evidence in the record that the financial circumstances of the parties [had] ever been considered" (Cervera v Bressler, 50 AD3d 837, 841), [*3]an evidentiary hearing should have been conducted before the motion was decided. Accordingly, we reverse the second order entered August 1, 2016, which denied the plaintiff's motion to modify the parties' apportionment of responsibility for the AFC's fees, and remit the matter to the Supreme Court, Westchester County, for an evidentiary hearing on the parties' respective finances, and a new determination thereafter of the plaintiff's motion.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court