Matter of Harkless v Santos (2020 NY Slip Op 06125)





Matter of Harkless v Santos


2020 NY Slip Op 06125


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2019-10249
 (Docket Nos. V-5549-16, V-5550-16, V-7828-16, V-7829-16)

[*1]In the Matter of Shaherah Harkless, appellant,
v
Jorge Santos, respondent. (Proceeding No. 1.)
In the Matter of Jorge Santos, respondent,
v
Shaherah Harkless, appellant. (Proceeding No. 2.)


Steven P. Forbes, Jamaica, NY, for appellant.
Karen P. Simmons, Brooklyn, NY (Louise Feld and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from stated portions of an order of the Family Court, Kings County (Denise M. Valme-Lundy, Ct. Atty. Ref.), dated August 14, 2019. The order, after a hearing, inter alia, granted the father's petition for sole legal and physical custody of the parties' children, and denied the mother's petition for sole legal and physical custody of the parties' children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of McPherson v McPherson, 139 AD3d 953, 953 [internal quotation marks omitted]; see Matter of Demelfi v Fliedner, 172 AD3d 1206, 1207). Here, the Family Court's determination that the subject children's best interests would be served by awarding the father sole legal and physical custody has a sound and substantial basis in the record, including evidence demonstrating that the father was a more fit parent and that he was willing to foster a relationship between the children and the mother (see Matter of Demelfi v Fliedner, 172 AD3d at 1207; Matter of Bowe v Bowe, 124 AD3d 645, 647).
The Family Court providently exercised its discretion in denying the mother's application to appoint a forensic evaluator to conduct evaluations of the parties and their children, as the court possessed sufficient information to render an informed decision regarding custody consistent with the children's best interests (see Cook v Cook, 142 AD3d 530, 533; Matter of Keyes v Watson, 133 AD3d 757, 758).
The mother's contention that she was deprived of the effective assistance of counsel [*2]is without merit. Viewed in totality, the record establishes that the mother received meaningful representation (see Matter of Haughton v Tsang, 118 AD3d 883, 884; Matter of Darrell W. [Tenika C.], 110 AD3d 1088, 1089).
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court